UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,
    Plaintiff,

vs.

KATHLEEN M. DENNEHY, Commissioner;
ROBERT MURPHY, Superintendent;
STEVEN FAIRLY, Director of Security;       C.A.NO.
SUSAN J. MARTIN, Director of Health Services,
GREGORY J. HUGHES, LICSW; and
UMASS. CORRECTIONAL HEALTH PROGRAM,   05 - 11456 DPW
sued in the individual and official
capacities,                           Referred to MJ JoDein

    Defendant's.

V E R I F I E D   C O M P L A I N T

Plaintiff, Sandy J. Battista, an involuntarily civilly committed patient, acting pro-se, for her [1] Complaint states as follows:

INTRODUCTION:

This is a Civil Rights Action requesting declaratory and injunctive relief and damages from the Commissioner of the Department of Corrections, defendant Kathleen M. Dennehy, her officers, agents and employees (jointly "Defendant's"), for depriving the plaintiff, as a civilly committed patient, of established constitutional and statutory rights because of sex, disability, gender identity and expression. The plaintiff also alleges the Tort of

---

[1] Though still biologically male, plaintiff has been diagnosed by three separate medical professionals as meeting the diagnostic criteria for "Gender Identity Disorder(NOS)" and recommended for cross-gender hormonal therapy. As such, [she] recognizes as being transgendered and prefers to be referred to by female pronouns. Phrased simply in non-medical terminology, plaintiff has the soul of a female in the body of a male.

-2-

Intentional and Reckless or Negligent Infliction of Emotional Distress.

JURISDICTION AND VENUE:

1) This Court has jurisdiction over this action pursuant to 28 U.S.C. §§§1331-32 and 1343(3) and (4). The matters in controversy arise under 42 U.S.C. §1983.

2) Venue properly lies in this District pursuant to 28 U.S.C. §1391(b)(2), because the events giving rise to this cause of action occurred at the Mass. Treatment Center("MTC"), in Bridgewater, Massachusetts. Which is located within the Eastern District of Massachusetts.

3) The Court has supplemental jurisdiction over any of the plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4) Plaintiff's claims for injunctive relief are properly authorized by 28 U.S.C. §§2283-84 and Rule 65 of the Federal Rules of Civil Procedure.

PARTIES:

5) Plaintiff, Sandy J. Battista("Battista'), is and was, at all times relevant hereto, a civilly committed patient in the care and custody of the Massachusetts Department of Corrections ("DOC"). At the time of the events relevant hereto, Battista was civilly committed to the MTC, located at 30 Administration Rd., Bridgewater, County of Plymouth, Massachusetts. 02324-3230.

6) Battista is and was, at all times mentioned herein, an adult citizen of the United States and a resident of the State of Massachusetts.

-4-

timing, and level of medical and mental health services.

13) At all times relevant hereto, all of the above-named defendant's have acted under "color of state law" and are sued in their individual and official capacities.

PREVIOUS LAWSUITS BY BATTISTA:

14) In and around July of 1997, while incarcerated, Battista brought a cause of action against the Commonwealth of Massachusetts, asserting that DOC medical providers were being deliberately indifferent to her (then) self-diagnosed gender disorder, with the County of Suffolk. See Sandy-Jo Battista vs. Commonwealth of Massachusetts, et al., C.A.No.97-3487-A(Suffolk Superior Court).

15) In and around July of 1998, the Suffolk Superior Court, in treating defendant's Motion as one for Summary Judgment, held that: ..."it was Battista who has diagnosed herself as a transsexual. She has failed to proffer reliable evidence, such as a medical diagnosis rendered by a physician, confirming her assertion. Thus, the Court seriously doubts whether Battista will be able to put forth any evidence of a 'serious medical need' at trial." Id.

16) In and around January of 2002, while "temporarily" civilly committed, Battista brought a second cause of action against the DOC, and treatment providers employed by the DOC, asserting similar claims concerning her (then) "independently" diagnosed gender disorder, with the United States District Court. See Sandy J. Battista vs. Robert Murphy, Superintendent, et al., C.A.No.02-10137-MEL.(On file).

-5-

17) In and around October of 2002, in response to plaintiff's
Application for a TRO, filed in the above mentioned action, defen-
dant Hughes submitted a sworn affidavit before this Court, dec-
laring that, upon contracting with defendant UMCHP, "a treatment
plan will be developed to address Battista's medical and mental
health issues" pertaining to her claimed gender issues. The very
same "treatment plan" defendant's are now arbitrarily withholding,
after taking an oath before this Court they would provide.(A
copy of this Affidavit is attached herewith for the Court's con-
venience and marked as Exhibit-1)("Ex.-   ").

18) In and around November of 2002, this Court (Lasker, J.),
in ruling on the defendant's Motion to Dismiss in the above ment-
ioned action, held that: ..."the Complaint is dismissed pursuant
to the res judicate doctrine. However, even if Battista's Complaint
were not barred by res judicata, adjudicating Battista's injunctive
and declaratory claims, prior to a definit order to civilly commit
her would be premature." Ex.-2.

STATEMENT OF FACTS:

19) On 5/24/01, just five days prior to Battista's scheduled
release date from prison, the Worcester County District Attorney's
Office filed it's ex parte petition seeking a determination as to
her (then) alleged "sexual dangerousness." See Commonwealth vs.
Sandy J. Battista, WORCV01-1108-C.

20) On 5/25/01, as a result of the above petition, Battista
was transferred from her previous place of incarceration to the
MTC, to await disposition on the above civil petition to commit.

21) On 5/29/01, Battista was discharged from her previous

-6-

sentences of incarceration.

22) On 12/19/01, the Worcester Superior Court (Fecteau, J.), determined that there was probable cause to believe that Battista was a "sexually dangerous person," and ordered her held at the MTC pending examination by two Commonwealth examiner's.

23) On 3/1/02, Battista met with one of the above mentioned Commonwealth examiner's. Katrin (Rouse) Weir, Ed.D..

24) On 4/1/02, the above mentioned examiner submitted her Report to the Court on Battista's (then) alleged "sexual danger-ousness." Ex.-3.

25) As part of the above examiner's Clinical Assessments and Conclusions, Dr. Weir opined that Battista's "gender issues" may have some "biological basis," which "clearly has a complex network of issues related to." As well concluding that Battista "needs to work through" those issues. Id.(at page-12, para.5["Summary Assessment"]); and (at page-14, para.3["Conclusions and Recommend-ations"]).

26) On 5/15/03, a Worcester Superior Court Jury of Battista's peers, declared her to be a "sexually dangerous person," and the Court (Sweeney, J.), ordered her committed to the MTC, for "an indeterminate period of a minimum of one day and a maximum of the [respondent's] natural life until otherwise discharged pursuant to the provisions of section 9." Ex.-4.

27) On 7/23/03, Battista, acting pro-se, filed her petition seeking a review of her "current" sexual dangerousness, under the provisions of section 9 of G.L. c.123A, of the Massachusetts Gen-eral Laws. See Sandy J. Battista, petitioner vs. Commonwealth,

-7-

C.A.No.03-10744(Suffolk Superior Court).

28) On 11/13/03, while civilly committed, Battista was advised by one of her treatment providers, Dr. Nicholas Petrou, regarding her gender issues, "to seek services via the UMass mental health program." Ex.-5.

29) On 3/29/04, Battista submitted a written complaint with defendant Dennehy, pointing out that she was being treated differently compared to state prisoners similarly situated, who were being afforded "more considerate treatment." Ex.-6.

30) On 4/21/04, during an annual review of Battista's treatment progress, the MTC's Community Access Board, recommended that Battista "explore the relationship her gender issues have on her sexual offense risk in treatment." Ex.-7(at page-15["Issues Remaining for Treatment"]).

31) On 4/27/04, Battista submitted a second written complaint with defendant Dennehy, pointing out that the affidavit submitted to this Court by one of her employees (at ¶17, above), not only "obligated" her to honor those declarations, but withholding such is a form of "perjury." Ex.-8.

32) On 5/25/04, defendant Martin informed Battista that her previous complaints to defendant Dennehy (at ¶¶29 & 31, above), were referred to her for response. Ex.-9.

33) Defendant Martin further informed Battista that upon her request, the MTC's contractual mental health provider will schedule an independent evaluation to determine what course of treatment may be most important for her gender issues. Id.

34) On 8/10/04, upon Battista's request, arrangements were

-8-

made for her to be seen by two separate independent gender spec-
ialists for the development of a treatment plan to address medical
and mental health issues regarding her claimed gender issues.

35) On 11/16/04, the above mentioned gender specialists sub-
mitted their report, clinically diagnosing Battista as meeting
all of the diagnostic criteria for "Gender Identity Disorder-
(NOS)," and recommended a treatment plan that included cross
gender hormonal therapy, as well as individual psychotherapy to
support the adjustment the hormones will bring. Ex.-10.

36) In and around November of 2004, arrangements were made,
in accordance with the above treatment plan, so that Battista
was provided individual psychotherapy, by a clinician being
trained to counsel her to support the adjustments the hormones
will bring.

37) In and around April of 2005, also in accordance with
the above treatment plan, arrangements were made to have Battista
seen by an outside specialist in Endocrinology for the purpose
of an appropriate medical prescription to address hormonal
therapy.

38) Shortly thereafter, Battista was seen by the MTC's in
house physician, Dr. Friedman, who submitted an order to fill
the above medical prescription.

39) On 4/25/05, after numerous letters of inquiry as to
what the delay was in the above prescribed medical treatment,
Battista was informed in person by the MTC's Health Services
Administrator, Maryanne Percuoco, that defendant's Dennehy,
Martin, Murphy and Fairly had an administrative "hold" on her

-9-

medical prescription, pending some so-called "security review."

40) On 4/26/05, as a direct and proximate result of the above mentioned administrative hold, Battista had an emotional breakdown and was placed under a psychiatrist's care, as well as on Antidepressants, due to the overwhelming anxiety she was experiencing and a sense of hopelessness over the recent news in withholding her prescribed medical treatment.

41) On 4/27/05, Battista wrote defendant's Murphy and Fairly and requested that any pending administrative "security review" of her prescribed treatment be "expedited," due to the continual deterioration in her mental health and well-being. Ex.-11. (A copy of this correspondence was also directed at defendant Dennehy's attention as well. Ex.-12).

42) On 5/5/05, Battista again wrote defendant Murphy, regarding not receiving any response to her request above, as well as bringing to his attention the extreme profound effects she was experiencing in the delay in her prescribed treatment. Ex.-13.

43) On 5/9/05, Battista was removed from the general population of the MTC and placed in its segregation (minimum privilege) unit on administrative watch, due to another emotional breakdown over the stress and anxiety she was experiencing in the delay in her prescribed treatment.

44) Also on 5/9/05, defendant Martin informed Battista that her medical prescription (at ¶¶37-38, above) was currently being reviewed by defendant UMCHP "to determine it's appropriateness and necessity." as well as by DOC administrators "to deter-

-10-

mine any potential security contraindications." Ex.-14.

45) On 5/13/05, Battista wrote defendant UMCHP of her con-
cerns and questions, relevant to why they were conducting a med-
ical review of the appropriateness and necessity of their own
sub-contracted medical professional's treatment recommendations.
Ex.-15.

46) In her correspondence, Battista also pointed out that,
the right to the prescribed treatment at issue was not just a
question of Battista's health and well-being. Rather, the quest-
ion must also be focused on "whether the prescribed treatment is
statutorily mandated and necessary." Id.

47) On 5/17/05, due to the continual deterioration in
Battista's mental health and well-being, her treating psychiatr-
ists felt it medical necessary to double the dosage in her Anti-
depressants.

48) On 5/27/05, defendant Martin informed Battista that her
correspondence to defendant Dennehy (at ¶41, above) was referred
to her for response. Ex.-16.

49) Defendant Martin reiterated to Battista that her pre-
scribed treatment still was under review. However, defendant
Martin now alleges that the "review" is being conducted in "the
context of a prison environment." Id.

50) On 6/2/05, Battista wrote defendant Martin of her con-
cerns that her status as being "civilly" committed, as well as
the implication that being denied prescribed treatment would
have on the remedial aspect of her commitment is not being con-
sidered. Battista further questioned why the alleged pending
review was being conducted in the context of a "prison environ-

-11-

ment," rather than in the context of a "mental health facility."
Ex.-17. (A copy of this correspondence was also directed at def-
endant Dennehy's attention. Ex.-18).

51) In her correspondence, Battista also notified defendant's
Martin and Dennehy of her intent on pursuing a TRO, should she
not receive her medically prescribed treatment in an appropriate
time period. Id.

52) Battista was competently clinically diagnosed by two
separate gender specialist as meeting all of the diagnostic cri-
teria for "Gender Identity Disorder(NOS)."

53) Consistent with the above clinical diagnosis, the ex-
aminer's determined that it is clinically and medically necessary
and appropriate for Battista to be provided cross-gender hormonal
therapy, and individual psychotherapy by a person experience,
and/or trained to counsel persons with gender disorders, to supp-
ort the adjustment that the hormones will bring.

54) Also consistent with the above clinical diagnosis, the
clinical treatment outlined by the Harry Benjamin International
Standards of Care deem it clinically and medically necessary and
appropriate for Battista to wear clothing that is consistent with
her female gender expression, and prohibiting her from doing so
could cause grievous harm to Battista's mental health and well
being.

55) In addition to being clinically and medically necessary
and appropriate, Battista's wearing clothing typically worn by
females is a statement and expression of who she is.

56) Battista's medical records reveal that she was born

-12-

with a rare medical condition referred to by the medical pro-
fession as "Congenital Adrenal Hyperplasia." This condition is
an "intersex" condition and "physical impairment" at birth, and
corresponds with the existence of the above psychological cond-
ition, "Gender Identity Disorder(NOS)."

57) As a proximate result of the defendant's withholding
medically prescribed treatment, Battista has been denied the opp-
ortunity to eliminate risk factors during the course of her civil
commitment.

58) As an additional proximate result of the defendant's
withholding medically prescribed treatment, Battista has suffered
the following immediate and irreparable harm: extreme stress and
anxiety, a sense of hopelessness in treatment, which has affected
her eating and sleeping habits, as well as her weight and ability
to function in her normal daily routines, as well as ability to
participate productively in on-going treatment for those sexual
offending behaviors which she was originally commited under. Such
harm and the potential impact on Battista's continued liberty is
neither compensable of speculative.

59) Defendant's have made an arbitrary and medically unsupp-
orted decision to forego providing Battista with necessary pre-
scribed medical treatment.

60) Defendant's have acted in a manner which treats Battista,
because of the nature of her medical and mental health condition,
differently from other state prisoners and patients at the MTC
suffering from equivalent medical and mental health conditions.

61) Defendant's have treated Battista's medical and mental

-13-

health needs differently from those other similarly situated inmates and patients solely on the basis of class, i.e., inmates and patients with gender issues.

62) Defendant's not only have a moral obligation to the public, but also have a statutory obligation under c.123A "to do all that can be done to treat and rehabilitate" Battista. Including, but not limited to, treating Battista's "gender issues."

63) Had Battista been provided such medically prescribed treatment, her risk of committing a new sexual offense would have been eliminated. As studies reveal that the risk of reoffending among castrated sex offenders is virtually nil.

64) The acts of the defendant's have been conscious, repeated and have intentionally or recklessly and negligently caused Battista extreme emotional distress.

65) Upon information and belief, defendant's are providing state prisoner's housed in the general population of an all male adult state prison with hormonal therapy, as well as the right to retain, at their own expense, female clothing and make-up. This has apparently caused no security problems.

66) As a practical matter, to the best of Battista's personal knowledge and belief, her attempt at appearing feminine by altering her male clothing in a feminine fashion, and fashioning make-up from colored pencils and wearing her hair in feminine style, has never caused undue disruption, disorder, or distraction within the DOC, since 1995 thru date.

-14-

CAUSES OF ACTION:

### COUNT I

67) Battista incorporates by reference and realleges para-
graphs 1 through 66 of the Complaint as if fully set forth herein.

68) By withholding necessary medically prescribed treatment,
defendant's have violated Battista's constitutional substantive
due process rights in treatment; 103 DOC 630.00("Medical Services");
103 DOC 650.00("Mental Health Services"); and G.L. c.123A, §2.

### COUNT II

69) Battista incorporates by reference and realleges para-
graphs 1 through 66 of the Complaint as if fully set forth herein.

70) By withholding necessary medically prescribed treatment,
where such treatment has been provided to state prisoners suffering
from analagous medical conditions, without a rational basis and
legitimate purpose, defendant's have violated Battista's constit-
utional rights to equal protection.

### COUNT III

71) Battista incorporates by reference and realleges para-
graphs 1 through 66 of the Complaint as if fully set forth herein.

72) By withholding necessary medically prescribed treatment,
defendant's actions have violated Battista's constitutional rights
to be free from discrimination based on sex, disability, gender
identity, and expression.

### COUNT IV

73) Battista incorporates by reference and realleges para-
graphs 1 through 66 of the Complaint as if fully set forth herein.

-15-

74) By withholding necessary medically prescribed treatment, defendant's actions have denied Battista the opportunity to eliminate risk factors during the course of her civil commitment. Thus, impacting Battista's continued liberty.

COUNT V

75) Battista incorporates by reference and realleges paragraphs 1 through 66 of the Complaint as if fully set forth herein.

76) By withholding necessary medically prescribed treatment, defendant's have acted in an intentional or recklessly negligent manner causing Battista extreme emotional distress.

## RELIEF REQUESTED:

WHEREFORE, Battista request the following relief:

(a) a declaratory judgment that the defendant's have a constitutional and statutory obligation to ensure that Battista receives adequate and necessary medical treatment for her "gender issues;"

(b) a declaratory judgment that the defendant's acts have constituted "deliberate indifference" to Battista's prescribed medical treatment;

(c) a declaratory judgment that the defendant's acts have denied Battista equal protection;

(d) a declaratory judgment that the defendant's acts have constituted discrimination based on sex, disability, gender identity, and expression;

(e) issue a temporary restraining order and/or preliminary injunction against defendant's prohibiting them from withholding

-16-

Battista's medical prescription, previously prescribed by a
Dr. Maria Warth on April 12, 2005;

(f) issue a permanent injunction against the defendant's,
their successors in office, agents and employees and all other
persons acting in concern and participation with them, from
withholding from Battista any and all treatment recommendations
deemed clinically and medically necessary and appropriate by
medical professionals addressing Battista's gender issues;

(g) issue a permanent injunction against the defendant's,
their successors in office, agents and employees and all other
persons acting in concern and participation with them, from
prohibiting Battista from wearing **female clothing** and using
female hygiene supply's and make-up;

(h) an award of damages for causing Battista's severe emot-
ional distress, as well as her costs and attorneys' fees and other
relief authorized by law; and

(i) such other and further relief as the Court may deem just
and proper.

Dated: 7/6/05.                    Respectfully submitted,

Sandy J. Battista, #M-15930
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324-3230

-17-

## CERTIFICATE OF VERIFICATION

I, Sandy J. Battista, being duly sworn, deposes and says that I am the plaintiff in the above-captioned action, that she has read the foregoing Complaint and knows the contents thereof, that the same is true and accurate to the best of her own personal knowledge and belief, except as to matters therein stated upon information and belief, which matters she believes to be true and accurate.

Signed under the pains and penalties of perjury this ___6th___ day of July, 2005.

Sandy J. Battista, #M-15930
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324-3230

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as re by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for t of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SANDY J. BATTISTA

## DEFENDANTS

KATHLEEN M. DENNEHY, Commissioner, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    N/A
(IN U.S. PLAINTIFF CASES ONLY)

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sandy J. Battista, #M-15930(Pro-se)
30 Administration Rd., MTC
Bridgewater, Mass. 02324-3230

ATTORNEYS (IF KNOWN)

N/A

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLA
(For Diversity Cases Only)                                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | D |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | ☐ 370 Other Fraud | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 371 Truth in Lending | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 380 Other Personal | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Property Damage | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Product Liability | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt. Reporting | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determinatio |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | Under Equal Access to Jus |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☒ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | or Defendant) | State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS — Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

Transferred from
☐ 5 another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to Distri
Judge from
☐ 7 Magistrate
Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a civil action under 42 U.S.C. §1983, alleging that defendant's have failed to provide
plaintiff, as a "civilly" committed patient, under G.L. c.123A, with constitutional and statutory
recommended and prescribed treatment.

## VII. REQUESTED IN
COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☐ YES    ☒ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE                                    DOCKET NUMBER

DATE    7/6/05

SIGNATURE OF ATTORNEY OF RECORD    Sandy J. Battista

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Sandy J. Battista, plaintiff vs.
   Kathleen M. Dennehy, Commissioner, et al., Defendant's.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   05 - 11455 DPW

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,         *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 900.            for patent, trademark or copyright  cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   ___ N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?

                                                          YES         NO  X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                          YES         NO  X
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                          YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?

                                                          YES         NO  X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                     YES  X        NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION              CENTRAL DIVISION                WESTERN DIVISION
        X
   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
      GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION              CENTRAL DIVISION                WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Sandy J. Battista, #M-15930(Pro-se)
ADDRESS  Mass. Treatment Center, 30 Administration Rd., Bridgewater, Mass. 02324-3230
TELEPHONE NO.  N/A

(Cover sheet local.wpd  - 11/27/00)