UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA, )
    Plaintiff, )
)
VS. )
)
KATHLEEN M. DENNEHY, )
Commissioner; ROBERT MURPHY, )  CIVIL ACTION No. 05-11456-DPW
Superintendent; STEVEN FAIRLY, Director )
of Security; SUSAN J. MARTIN, Director of )
Health Services, GREGORY J. HUGHES, )
LICSW; and UMASS CORRECTIONAL )
HEALTH PROGRAM, sued in the )
individual and official capacities, )
    Defendants. )

**RESPONSE OF DEFENDANT, UNIVERSITY OF MASSACHUSETTS
CORRECTIONAL HEALTH PROGRAM, TO PLAINTIFF'S APPLICATION
FOR A TEMPORARY RESTRAINING ORDER, AND/OR IN THE
ALTERNATIVE, FOR A PRELIMINARY INJUNCTION**

I.    **INTRODUCTION AND FACTUAL BACKGROUND**

The plaintiff, Sandy J. Battista[1], is presently in the lawful custody and control of The Commonwealth Of Massachusetts Department Of Corrections ("DOC"), pursuant to an adjudication as a Sexually Dangerous Person under Mass. G.L. c. 123A. The plaintiff is currently housed at the Massachusetts Treatment Center in Bridgewater, Massachusetts. She has filed this action pro se pursuant to 42 U.S.C. §1983 seeking injunctive relief and monetary damages against all of the above-captioned defendants, including defendant University of Massachusetts Correctional Health Program. (See Plaintiff's Verified Complaint, a copy of which is attached hereto (with exhibits) as Exhibit "A"). The gravamen of the plaintiff's

---

[1] The plaintiff is anatomically a male. However, the plaintiff prefers to be referred to as a female and that preference is acknowledged in this memorandum.

Complaint is that she has been denied treatment for gender identity disorder and that said denial violates her substantive due process rights, her rights to equal protection, and constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. (Exhibit "A"). The plaintiff has also requested preliminary injunctive relief to obtain an order mandating that certain medical treatment be undertaken prior to a determination of her case on the merits. In particular, the plaintiff requests injunctive relief to allow her to begin estrogen hormone therapy immediately.

The plaintiff's Complaint names UMCHP as a defendant, but does not name an official against whom injunctive relief may enter. Therefore, the Complaint against UMCHP is barred by sovereign immunity, because the Eleventh Amendment bars all actions, whether legal or equitable, against States and State agencies. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101, 104 S.Ct. 900 (1984) (although plaintiff may seek injunctive relief against state official in official capacity, Eleventh Amendment bars suits against State or one of its agencies "regardless of the nature of the relief sought."); Missouri v. Fiske, 290 U.S. 18, 27, 54 S.Ct. 18 (1933) (Eleventh Amendment expressly protects states from suits in both law and equity); O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000) (injunctive action against state or agency barred, citing Pennhurst). The allegations of the plaintiff's Complaint with regard to UMCHP will be addressed in a separately filed motion to dismiss, but the insufficiency of those allegations shows that no injunctive relief, whether preliminary or otherwise, can enter with respect to UMCHP.

Furthermore, the application for preliminary injunctive relief does not request the entry of any order against UMCHP. The plaintiff's application specifically states:

> "The defendant's [sic] against whom relief is sought are, respectively, the Commissioner of the Department of Corrections and Superintendent of the

Massachusetts Treatment Center, who are responsible for maintaining a treatment program for the 'care, custody, treatment, and rehabilitation' of persons, like the plaintiff, who have been civilly committed." (Plaintiff's Application for Temporary Restraining Order and/or Preliminary Injunction, a copy of which is attached hereto as Exhibit "B", pp. 2-3).

Therefore, by its terms, the plaintiff's application for preliminary injunctive relief is inapplicable to defendant UMCHP. This is consistent with the allegations in the plaintiff's Complaint, which fails to allege any cognizable claim against UMCHP, whether for injunctive or monetary relief. The Complaint admits that the plaintiff was referred for independent consultation for gender identity disorder, that plaintiff was provided clinical psychotherapy, and that the plaintiff was referred to an endocrinologist for the purpose of prescribing hormone therapy.

The plaintiff's only allegation with regard to UMCHP is a reference to a May 9, 2005 letter from Susan Martin, Director of the Health Services Division of the Massachusetts DOC, which letter states that UMCHP medical professionals are reviewing a treatment recommendation made by Dr. Maria Warth to determine its "appropriateness and necessity[.]" (See Exhibit "A", para. 44, and 05/09/05 letter, attached as Exhibit 14 to Plaintiff's Verified Complaint, Exhibit "A"). However, the plaintiff's Complaint does not allege that UMCHP failed to review Dr. Warth's treatment plan, that it failed to make a recommendation regarding treatment, or that it made an inappropriate recommendation to the DOC after making a review. Therefore, the Complaint, like the Application for Preliminary Injunction, fails to allege any action on the part of UMCHP that can be the subject of injunctive relief. The plaintiff has not requested that UMCHP be required to review Dr. Warth's treatment plan and provide a recommendation, and there is no request that UMCHP be ordered to alter or modify any

4

recommendation made. Therefore, because the Application for Preliminary Injunction does not seek relief with regard to UMCHP, it is inapplicable to this defendant.

## II. ARGUMENT

A request for preliminary injunction under Fed.R.Civ.P. 65(a)[2] may be granted only when the party seeking the injunction shows a likelihood of success on the merits, that irreparable harm will occur if the injunction is denied, that the injunction will not impose an undue burden on the non-moving party, and that the injunction will not run contrary to public interest. CharlesBank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). The trial court has broad discretion when making factual determinations regarding the propriety of preliminary injunctive relief. Id. Requests for preliminary injunction often focus on the issue of irreparable harm, and the burden for making such a showing "rests squarely upon the movant." Id. A request for a preliminary injunction seeks extraordinary relief, and the movant must make a "clear showing" that the action is likely to succeed on the merits, as well as showing that relief is required to avoid irreparable harm. See Pharmaceutical Research & Mfrs. of Am. v. Walsh, 538 U.S. 644, 662, 123 S.Ct. 1855 (2003) (movant has burden of making clear showing of success on the merits); Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (clear showing required to justify extraordinary remedy of preliminary injunction).

As noted, the facts here show that the allegations against UMCHP are barred by sovereign immunity, because the plaintiff has not named any official against whom injunctive relief could enter. Pennhurst State School & Hosp., supra. In addition, the plaintiff has made no claim for injunctive relief against UMCHP, and the Complaint makes only one relevant factual allegation concerning UMCHP. The plaintiff apparently alleges that UMCHP reviewed a

---

[2] Because notice and an opportunity to respond have been provided and the plaintiff has made no showing why an order should enter without notice, UMCHP considers the application to be for preliminary injunction only, and that the application for a temporary restraining order is moot. Fed.R.Civ.P. 65(b).

treatment recommendation to determine its "appropriateness and necessity[,]" but neither the complaint nor the application for preliminary injunctive relief contains any allegation that UMCHP engaged in any wrongful act, such as failing to make the review, failing to submit a recommendation to DOC or the Division of Health Services concerning the plaintiff's treatment, or failing to provide adequate treatment. As noted, the application for preliminary injunction specifically omits any request to enter any order against UMCHP, and therefore does not apply to UMCHP. Moreover, because the complaint does not indicate any basis for obtaining relief against UMCHP, the plaintiff cannot show a likelihood of obtaining relief sufficient to justify an injunctive order against UMCHP, especially where no order has been sought in the application for preliminary injunction.

    Because the plaintiff has not made a specific allegation or requested specific injunctive relief against UMCHP, the application also fails to make any showing of irreparable harm concerning any act or failure to act on the part of UMCHP. Both the Complaint and the application for preliminary injunctive relief recognize that it is the DOC, and not UMCHP, which has ultimate authority concerning whether the plaintiff receives recommended medical treatment. The DOC has lawful custody and control of the plaintiff, and the plaintiff's Complaint recognizes that UMCHP does not have the authority to order or provide the treatment plaintiff seeks. (See Exhibit "A", paras. 32-39, and 05/25/04 letter, attached as Exhibit 9 to Plaintiff's Verified Complaint, Exhibit "A"). The allegations of the Complaint show that UMCHP's role was to schedule an independent evaluation of the plaintiff's condition (Exhibit "A", para. 33, and Exhibit 9 to Plaintiff's Verified Complaint), and that the failure to implement recommendations from that evaluation was due to an "administrative hold" placed by DOC officials. (Exhibit "A", para. 39). Nothing in the Complaint or the application for preliminary

injunction indicates that any act of UMCHP caused, or is currently causing, the irreparable harm claimed by plaintiff.

The allegations of the Complaint and the relief requested in the application for preliminary injunction make clear that UMCHP was not the ultimate or final policymaker with regard to the decision to deny the plaintiff the relief sought. Therefore, it is not in a position to provide relief to the plaintiff, nor can its actions be considered to be the cause of the plaintiff's alleged harm. See Gonsalves v. City of New Bedford, 939 F. Supp. 915, 916 (D.Mass. 1996) ("[T]he actions of subordinate officials alone cannot create municipal liability. Rather, the City is potentially liable only for the conduct of its final policymaker or policymakers concerning the conduct in question.") In fact, it is clear from the plaintiff's allegations that the ultimate policymaker in this case is DOC and its officials. In that regard, the defendant again notes that the plaintiff has specifically sought preliminary injunctive relief only against DOC Commissioner Dennehy and the Superintendent of the Bridgewater Facility, Robert Murphy. (See Exhibit "B", pp. 2-3).

### III.    CONCLUSION

For the foregoing reasons, Defendant University of Massachusetts Correctional Health Program respectfully requests that the plaintiff's Application for a Temporary Restraining Order, and/or in the Alternative, for a Preliminary Injunction, be denied with respect to it.

/s/ Stephen M. O'Shea
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
   Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

7

## CERTIFICATE OF SERVICE

I, Anthony R. Brighton, attorney for defendant, University of Massachusetts Correctional Health Program, hereby certify that on this 27th day of July 2005, a copy of the foregoing was sent by **first class mail, postage prepaid to:** Sandy J. Battista M 15930, Pro Se Massachusetts Treatment Center, 30 Administration Road, Bridgewater, MA 02324-3230 **and a copy electronically forwarded** to Richard C. McFarland, Esq., Department of Corrections Legal Division, 70 Franklin Street, Suite 600, Boston, Massachusetts 02110.

/s/ Anthony R. Brighton
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
   Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240