UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY J. BATTISTA, | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| KATHLEEN M. DENNEHY, | ) |
| Commissioner; ROBERT MURPHY, | )    CIVIL ACTION No. 05-11456-DPW |
| Superintendent; STEVEN FAIRLY, Director | ) |
| of Security; SUSAN J. MARTIN, Director of | ) |
| Health Services, GREGORY J. HUGHES, | ) |
| LICSW; and UMASS CORRECTIONAL | ) |
| HEALTH PROGRAM, sued in the | ) |
| individual and official capacities, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION OF THE DEFENDANT,
UMASS CORRECTIONAL HEALTH PROGRAM, TO DISMISS
PURSUANT TO MASS. R. CIV. P. 12(b)(6)**

I.    **INTRODUCTION/FACTUAL BACKGROUND**

The plaintiff, Sandy J. Battista[1], f/k/a David Megarry, has brought this action in Federal

Court against five people in their individual and official capacities, as well as against UMass

Correctional Health Program (hereinafter "UMCHP").  (See Verified Complaint).  While the

Complaint fails to identify UMCHP in any meaningful way (See Verified Complaint at

Paragraph No. 12), that entity is part of University of Massachusetts, and is therefore an agency

of the Commonwealth of Massachusetts.

The Complaint seeks to recover money damages and injunctive relief against the

defendants for alleged violations of state and federal constitutional, statutory, administrative and

common law.  More specifically, the plaintiff has alleged, among other things, that she has been

denied appropriate treatment for gender identity disorder while she has been incarcerated and in

---

[1] The plaintiff is anatomically a male.  However, the plaintiff prefers to be referred to as a female and that preference is acknowledged in this memorandum.

the custody of the Commonwealth Of Massachusetts Department Of Corrections ("DOC"),

pursuant to an adjudication as a Sexually Dangerous Person under Mass. G.L. c. 123A.  The

Complaint alleges that the defendants' actions have deprived her of rights to substantive due

process and equal protection and have constituted cruel and unusual punishment under the

Eighth Amendment to the United States Constitution.

The defendant, UMCHP, now moves to dismiss the Complaint against it because it is a

state agency and, as such, any claims for injunctive or monetary relief against it in Federal Court

are barred by the Eleventh Amendment to the United States Constitution.


## II.    ARGUMENT

A complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) where it is clear that

the plaintiff can prove no facts to support her claim that would entitle her to the relief sought.

See Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir. 1991).  Although the plaintiff's

reasonable factual assertions are taken as true, the plaintiff's allegations must be based in fact

and the Court is not required to credit "bald assertions" or "unsubstantiated conclusions."  Id.

(citation omitted.)

### A.    The Plaintiff's Claims for Injunctive and Monetary Relief Against UMCHP Should be Dismissed Because They are Barred by the Eleventh Amendment.

The plaintiff's Complaint against UMCHP is barred by the Eleventh Amendment, which

provides:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

The Supreme Court has extended the express terms of the Amendment to apply to suits between a citizen and his own State.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S.Ct. 900 (1984), citing Hans v. Louisiana, 134 U.S. 1 (1890).  In essence, the Supreme Court has recognized that "the principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III."  Id. at 98.  Moreover, the Supreme Court has confirmed "that in the absence of consent a suit in which the State **or one of its agencies or departments** is named as the defendant is proscribed by the Eleventh Amendment."  Id. at 100 (emphasis supplied) citing Florida Department of Health v. Florida Nursing Home Assn., 450 U.S. 147, 101 S.Ct. 1032 (1981).  The limitation of the Federal Court to hear such claims has been described as a lack of subject matter jurisdiction over the claim that "applies regardless of nature of the relief sought."  Id. at 100; See also Rivera v. Commonwealth of Massachusetts, 16 F.Supp.2d 84, 88 (D.Mass 1998).

UMCHP, as its name implies, is a program operated by the University of Massachusetts, a state agency.  See, e.g., McNamara v. Honeyman, 406 Mass. 43, 47, 546 N.E.2d 139 (1989) (University of Massachusetts is a public employer for purposes of state tort claims act); Pinsky v. University of Massachusetts, 2005 WL 1684125 (Mass. Super., June 8, 2005), (noting University's operation of Correctional Mental Health Program).  Because UMCHP is a state agency, it is immune from suit in Federal Court, whether the claim is for injunctive or monetary relief.  As a result, the plaintiff's Complaint should be dismissed as to UMCHP for failure to state a claim upon which relief could be granted.

## IV.    **CONCLUSION**

For the foregoing reasons, Defendant UMass Correctional Health Program respectfully requests that the plaintiff's Complaint against it be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ Stephen M. O'Shea
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
    Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

<u>CERTIFICATE OF SERVICE</u>

I, Stephen M. O'Shea, attorney for defendant, University of Massachusetts Correctional

Health Program, hereby certify that on this 10th day of August 2005, a copy of the foregoing was

sent by **first class mail, postage prepaid to**:Sandy J. Battista M 15930, Pro Se,

Massachusetts Treatment Center, 30 Administration Road, Bridgewater, MA 02324-3230

**and a copy electronically forwarded** to Richard C. McFarland, Esq., Department of

Corrections Legal Division, 70 Franklin Street, Suite 600,  Boston, Massachusetts 02110.


/s/ Stephen M. O'Shea
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
   Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240