UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,  )
    Plaintiff,  )
  )
vs.  )  C.A. No. 05-11456-DPW.
  )
KATHLEEN M. DENNEHY, Comm'r., et al.,  )
    Defendant's.  )

### PLAINTIFF'S REQUEST FOR AN EVIDENTIARY HEARING

Plaintiff, Sandy J. Battista, acting pro-se in the above captioned matter, respectfully request this Court for an evidentiary hearing on her pending [Application for a TRO, and/or in the Alternative, for a Preliminary Injunction]. As reasons, plaintiff states the following:

1) Plaintiff is an indigent patient, involuntarily civilly committed under the provisions of G.L. c.123A, currently detained and housed at the Mass. Treatment Center, in the care and custody of the defendant's. See St.1993, c.489, §2, as appearing in G.L. c.123A, §2; see also, e.g., <u>King vs. Greenblatt,</u> 53 F.Supp.2d 117, 121 (D.Mass.1999).

2) In her Verified Complaint, Plaintiff alleges that, her original civil commitment proceedings were based in part around her "gender issues," as well as being deemed a "necessary component of her treatment plan for her sexual offending behaviors" by her treating therapists. Thereby raising a question as to, whether treatment for Plaintiff's gender issues is simply a matter of her "health and well-being," or "statutorily mandated" under G.L. c.123A.

-2-

3) In her Verified Complaint, Plaintiff further alleges that, while civilly-committed for treatment and rehabilitation, she was evaluated by two separate gender experts, retained by the Defendant's, who diagnosed her as meeting the clinical criteria for [Gender Identity Disorder(NOS)], and recommended to Defendant's that she be placed on female hormones and provided individual counseling. And that, in accordance with those treatment recommendations, Defendant's then made arrangement for the development of an appropriate medical prescription to address female hormone therapy, had the Treatment Center's in-house physician fill that prescription, then withheld that prescription from Plaintiff.

4) In their Opposition to Plaintiff's request for Preliminary Injunctive Relief, Defendant's have submitted the Affidavit of a Lawrence M. Weiner, LICSW("Weiner Affidavit"), a Licensed Clinical Social Worker and Regional Administrator for the Department of Corrections Health Services Division.

5) Attached to the Weiner Affidavit are four medical reports, which according to Defendant's constitutes "a dispute over the proper course of treatment" for Plaintiff's gender issues. Despite the fact that, the Weiner Affidavit concedes to the above facts. See Weiner Affidavit at ¶5("On April 12, 2005, Battista was evaluated by an endocrinologist at the Shattuck Hospital who prescribed female hormones for Battista. On April 14, 2005, a Treatment Center physician approved the prescription for female hormones").

6) Here, where the burden of proof is on the moving party, it is hardly a fair contest for this court to decide Plaintiff's health and well-being, and the potential impact on her liberty if treatment is not provided, without the assistance of expert testimony. See, e.g., Commonwealth vs. Bruno, 432 Mass. 489, 511 (Mass. 2000)(holding that, "whether a person suffers from a particular disorder requiring treatment are matters beyond the range of ordinary experience and require expert testimony").

7) Without this court's allowance of an evidentiary hearing, Plaintiff will be left with trying to explain to the court in her pending review under G.L. c.123A, §9, why she has not accomplished a "goal" set by the Treatment Center's [Community Access Board]. See Complaint, ¶¶27 & 30.

WHEREFORE, it is prayed that this court ALLOWS this motion, and schedule an evidentiary hearing at the court's earliest convenience.

Dated: 8/5/05 .          Respectfully submitted,

                         Sandy J. Battista, #M-15930
                         Plaintiff/Pro-se
                         Mass. Treatment Center
                         30 Administration Rd.
                         Bridgewater, Mass. 02324-3230

CERTIFICATE OF SERVICE

I, Sandy J. Battista, Plaintiff, acting pro-se in the enclosed matter, on oath, hereby certify's that I have today mailed a true and accurate copy of the within document on each counsel of record for the Defendant's, via first class mail, postage prepaid, by hand/mail.

Dated: 8/5/05 .          Sandy J. Battista, #M-15930
                         Plaintiff/Pro-se