UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: SANDY J. BATTISTA, Plaintiff

C.A.No.05-11456-DPW.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION OF THE DEFENDANT, UMASS CORRECTIONAL HEALTH PROGRAM, TO DISMISS PURSUANT TO MASS.R.CIV.P. 12(b)(6)

### INTRODUCTION/STATEMENT OF FACTS: [1]

On or about July 6, 2005, the Plaintiff, Sandy J. Battista ("Battista") [2], an involuntarily civilly-committed patient [3], brought this action against various Department of Correction Officials, Administrators, Employees, as well as Defendant UMass Correctional Health Program("UMCHP"). Which is the subject of the within Opposition.

The "gravamen" of Battista's Complaint seeks to recover money damages, injunctive relief and this court's declaration that the Defendant's have failed in their statutory obligation under M.G.L. c.123A to Battista, by arbitrarily interfering with a prescribed course of treatment. Based simply on the nature of

---

[1] These two sections are joined for "brevity."

[2] Though still biologically male, Battista has been previously diagnosed by three separate gender experts as meeting the clinical diagnostic criteria for ⌈Gender Identity Disorder(NOS)⌉ and prescribed female hormones. And as such, prefers to be referred to with female pronouns. As ⌈she⌉ recognizes as being transgendered. Phrased in non-medical terminology, Battista has the soul of a female in the body of a male.

[3] Complaint, ¶¶5-6 & 26.

-2-

the disorder and treatment. While at the same time providing state prisoners, similarly situated, with more favorable treatment.

The Defendant UMCHP, the subject of the within Opposition, have moved to dismiss themselves from the Complaint, simply on the affirmative defense under the Eleventh Amendment.

## ARGUMENT

I. STANDARDS OF REVIEW:

The lenient standard by which a complaint is measured on a motion to dismiss for failure to state a claim are well-settled, to well-settled for discussion. The allegations are taken as true, doubts are resolved in favor of the complainant, and the motion must be denied unless it is certain that no set of provable facts could entitle the plaintiff to relief. Feinstein vs. Resolution Trust Corp., 942 F.2d 34, 37 (1st Cir.1991).

The jurisprudence of Rule 12(b)(6), requires court's to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial review. Beddall vs. State St.Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir.1988). The rules require a short and plain statement of claims showing that a pleader is entitled to relief. Fed.R.Civ.P. 8(a)(1); see also Hughes vs. Rowe, 449 U.S. 5, 19 (1980).

Under these foregoing standards, and for the reasons set forth below, it is clear that Defendant UMCHP are not entitled to dismissal under the Eleventh Amendment.

-3-

II. DEFENDANT UMCHP IS NOT THE "ALTER EGO" OF THE STATE, AND THEREFORE, CANNOT CLAIM THE BENEFIT OF IMMUNITY UNDER THE ELEVENTH AMENDMENT.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of another State, or by Citizens or Subjects of any Foreign State." U.S.Const.Amend. XI. By its terms, the amendment applies only to "one of the United States." It does not immunize political subdivisions of the state, such as municipalities and counties, even though such entities might exercise a "slice of state power." Lake Country Estates, Inc. vs. Tahoe Regional Planning Agency, 440 U.S. 391, 401 (1979).[4] A particular state entity may be entitled to immunity, however, if, in its operations, the state is the real party in interest. See Edelman vs. Jordan, 415 U.S. 651 (1974); Ford Motor Co. vs. Department of the Treasury, 323 U.S. 459 (1945). To be the real party in interest, the state need not be named as a defendant. It is only necessary that the named party be the "alter ego" of the state. See Hall vs. Medical College of Ohio

---

[4] In Lake Country Estates, the Supreme Court denied eleventh amendment immunity to the Tahoe Regional Planning Agency (TRPA), a bistate agency created by California and Nevada to plan the development of the Lake Tahoe Basin. The Court based its decision on the following facts: both states expressly disclaimed any intent to confer immunity on the agency; the Compact creating the TRPA regarded it as a political subdivision; funding was provided by the counties, not the states; and neither state treasury was responsible for judgments rendered against the agency. Id. at 401-02.

-4-

at Toledo, 742 F.2d 299, 301 (6th Cir.1984), cert. denied, 469 U.S. 1113 (1985); Blake vs. Kline, 612 F.2d 718, 721 (3d Cir. 1980).

While many factors must be considered in determining whether an entity is the alter ego of the state, it is generally held that the most important consideration is whether the state treasury will be responsible for paying any judgment that might be awarded. See Hall, 742 F.2d at 304; Laje vs. R.E. Thompson General Hospital, 665 F.2d 724, 727 (5th Cir. 1982); Blake, 612 F.2d at 723-24, 726; MillerDavis Co. vs. Illinois State Toll Highway Authority, 567 F.2d 323, 327 (7th Cir.1977). Other important inquiries underlying consideration of eleventh amendment immunity include, but are not necessarily limited to, whether the entity exercises a significant degree of autonomy from the state, [5] whether it is involved with local versus statewide concerns, and how it is treated as a matter of state law. [6]

---

[5] Decisions of sister federal courts have focused on numerous factors. See, e.g., Hall, 742 F.2d at 302(Sixth Circuit - nine factors); Blake, 612 F.2d at 722(Third Circuit - nine factors); Patterson vs. Ramsey, 413 F.Supp. 523, 529 (D.Md.1976), aff'd on other grounds, 552 F.2d 117 (4th Cir.1977)(six factors); see Ram Ditta vs. Md. Nat. Capital Park & Planning Com'n.,822 F.2d 456, 458 n.4 (4th Cir.1987)("but we think may of them can be considered under the rubric of 'autonomy'").

[6] Although a federal court may consider how the entity is treated under state law, "[t]he question of whether an agency is the alter ego of the state and thereby immune from federal jurisdiction under the eleventh amendment is a question of federal, not state, law.' Blake, 612 F.2d at 722.

Case 1:05-cv-11456-DPW   Document 30   Filed 08/18/2005   Page 5 of 6

-5-

Here, Defendant UMCHP has provided no evidence to support it's position of being "an agency of the state," except the bold assertion to claim immunity based simply on it's name. Defendant UMCHP position and reliance on the case of <u>McNamara vs. Honeyman,</u> 406 Mass. 43, 47, 546 N.E.2d 139 (1989) is misguided. First, the fact that the University of Massachusetts Medical School is a public employer does not automatically establish that all its employees are public employees. Id. 406 Mass. at 48, citing <u>Smith vs. Steinberg,</u> 395 Mass. 666, 668, 481 N.E.2d 1344 (1985). Second and lastly, Defendant UMCHP autonomy from the state,[7] the nature of it's functions, as well as the state treasury not being responsible for any judgment all weigh heavily against eleventh amendment immunity. See, e.g., <u>Ram Ditta,</u> 822 F.2d at 460.

## CONCLUSION

Based upon the foregoing, Defendant UMCHP Motion to Dismiss should be <u>DENIED.</u> Alternatively, Battista request the court <u>STAY</u> it's decision on immunity under the eleventh amendment, pending

---

[7] Under the contract between Defendant UMCHP and the Department of Correction, the medical contractor is to have full responsibility for decisions concerning the type, timing and level of medical, dental and health services to be provided to inmates. See, e.g., <u>Kosilek vs Maloney,</u> 221 F.Supp.2d 156, 167 (D.Mass.2002). Even more noteworthy here, is the fact that, Defendant UMCHP is not represented in legal matters by the Attorney General's Office(as state law requires of state agencies), but by privately retained attorney's. See, e.g., <u>Ram Ditta,</u> 822 F.2d at 458-59.

-6-

discovery of these facts, as well as to reveal the names of individuals involved in this matter. And, if needed, an opportunity to request the court's leave to amend accordingly.

Dated: 8/15/05.

Respectfully submitted,

Sandy J. Battista, #M-15930
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324-3230