UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,
    Plaintiff,

vs.

KATHLEEN M. DENNEHY, Commissioner, et al.,
    Defendants'.

C.A. No. 05-11456-DPW.

FILED IN CLERKS OFFICE
2006 MAR 13 P 2:33
U.S. DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff, Sandy J. Battista, acting pro-se in the above captioned matter, respectfully motions this Court, pursuant to 28 U.S.C. §1915, to appoint counsel to represent her in this case. And/or, in the alternative, to appoint counsel to represent plaintiff in her pending application for preliminary relief.

As grounds thereof, plaintiff has attached her Affidavit and Memorandum of Law in Support.

Dated: 3/9/06 .

Respectfully submitted,

_____
Sandy J. Battista, #M-15930
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324-3230

### CERTIFICATE OF SERVICE

I, Sandy J. Battista, hereby certify's that I have today mailed a true and accurate copy of the within filings on both counsel's of record for the defendant's, by hand/mail.

Dated: 3/9/06 .

_____
Sandy J. Battista, #M-15930
Plaintiff/Pro-se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: SANDY J. BATTISTA, Plaintiff

C.A.NO.05-11456-DPW.

## AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

I, Sandy J. Battista, being duly sworn, deposes and says:

1) I am the plaintiff in the above captioned matter. I make this affidavit in support of my motion for the appointment of counsel.

2) The Complaint in this case alleges that: (a) plaintiff's civil commitment proceedings under M.G.L. c.123A were premised in part around her "gender issues;" (b) while civilly-committed for "treatment and rehabilitation," several of plaintiff's treatment providers deemed her gender issues "to be a necessary component of her sex offender treatment plan," and further instructed plaintiff to seek treatment services to address her gender issues; (c) in accordance with those treatment referrals, the defendant's arranged for plaintiff to be seen by two independant outside gender specialists "for the development of an appropriate medical and mental health treatment plan" to address plaintiff's gender issues; (d) an appropriate medical and mental health treament plan was subsequently recommended to address plaintif's gender issues; (e) in accordance with said recommended treatment plan, defendant's made arrangements for plaintiff to be counseled by a person trained to counsel persons afflicted with gender issues, as well as to schedule an outside appointment with an endocrinologist for the development of a medical

-2-

prescription to address hormonal administration; (f) instructed and allowed the Treatment Center's in-house physician to fill said medical prescription; and (g) administratively withheld said prescribed treatment pending some so-called arbitrary review of plaintiff's initial treatment recommendations.

3) This is a complex case because it contains several different legal claims, with each claim involving a different set of defendant's.

4) The case involves medical and mental health issues, as well as issues pertaining to plaintiff's past sexual offending behaviors. All within the context of civil commitment.

5) The case will require discovery of documents and depositions of a number of witnesses.

6) The testimony will be in sharp conflict, since the plaintiff alleges that the defendants' are "arbitrarily interfering with her treatment once prescribed." And that, without said prescribed treatment, plaintiff's liberty interest will be severaly impacted, as she will be denied the opportunity "to address a necessary component of her sex offender treatment plan." Whereas, the defenants', in their opposition to plaintiff's pending application for preliminary relief, maintain the Complaint simply amounts "to a dispute over the proper course of treatment to address plaintiff's gender issues."

7) Despite plaintiff's familiarity with the law and of court form and procedure, it is hardly a fair contest to leave the plaintiff in the midst of the legal arena to shift for herself. While the defendants' have at their access a pool of experienced attorney's, research assistants, witnesses, unlimited

-3-

funds, and a legal data base far superior to what plaintiff's institutional law library offers.

8) The plaintiff is in the care and custody of the defendant's. Civilly-committed at the Massachusetts Treatment Center. For this reason she is very limited in funds, access to legal materials, and has no ability to investigate the facts of this case. For example, by locating and interviewing prisoners in the care and custody of the Department of Correction who are being provided with the very same prescribed treatment she is being denied, or secure needed affidavits/statements from her treatment providers.

9) As set forth in the Memorandum of Law submitted with this Motion, these facts, along with the legal merit of the plaintiff's claims, support the appointment of counsel to represent the plaintiff in this case.

WHEREFORE, the plaintiff's motion for the appointment of counsel should be GRANTED.

Signed under the pains and penalties of perjury this 9th day of March, 2006.

Sandy J. Battista, #M-15930
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324-3230