UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: SANDY J. BATTISTA, Plaintiff

C.A. No. 05-11456-DPW.

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

Statement of the Case:

This is a civil rights action filed under 42 U.S.C. §1983 by an involuntarily civilly-committed patient asserting claims for the unconstitutional interference with prescribed treatment, because of sex, disability, gender identity and expression. The plaintiff seeks damages as to all claims and an injunction [1] to ensure she receives her prescribed course of treatment.

Statement of Relevant Facts:

The Complaint [2] alleges that the plaintiff's civil commitment proceedings under M.G.L. c.123A were premised in part around her "gender issues." (Complaint, ¶¶19-25). And that, while civilly committed for treatment and rehabilitation, several of plaintiff's treatment providers deemed her gender issues "to be a necessary component of her sex offender treatment plan" and instructed her to seek treatment services to address her gender issues. (Complaint, ¶¶28 & 30). In accordance with those treatment referrals, the

---

[1] An Application for Preliminary Relief is pending before this Court. (Paper No.7)(on file).

[2] The Complaint is Verified.

-2-

defendants' arranged for plaintiff to be seen by two independent gender specialist's for the development of an appropriate medical and mental health treatment plan to address plaintiff's gender issues. (Complaint, ¶¶33-34). An appropriate medical and mental health treatment plan was subsequently recommended. (Complaint, ¶35). In accordance with that treatment plan, defendants' made arrangements for plaintiff to be counseled by a person being trained to counsel persons afflicted with gender issues, as well as an appointment with an outside endocrinologist for the development of an appropriate medical prescription to address hormonal administration (Complaint, ¶¶36-37). Then instructed and allowed the Treatment Center's in-house physician to fill said medical prescription, (Complaint, ¶38), just to arbitrarily withhold said medical prescription, pending some so-called review of the defendants' own contracted treatment providers initial evaluative process and treatment recommendations. (Complaint, ¶¶44 & 49).

### ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

Under the informa pauperis statute, a federal court may request an attorney to represent an indigent litigant, but has no power to force an attorney to do so. <u>Mallard vs. U.S. District Court of Iowa,</u> 490 U.S. 296 (1989). Judges <u>do</u> <u>not</u> do this of course; they recruit lawyers for the parties only when the cases are colorable, the facts may be difficult to assemble, and the law is complex. Id. In addition, courts have suggested that the most important factor is whether the case appears to have merit. <u>Cooper vs. A. Sargenti Co., Inc.,</u> 877 F.2d 170, 173 (2d Cir.

-3-

1989); see <u>Javeri vs. McMickens,</u> 660 F.Supp. 325, 326 (S.D.N.Y. 1987)(counsel appointed where constitutional "issue of substance" was presented). Each of those factors weighs in favor of appointing counsel in this case.

1. <u>Whether the Case Appears to Have Merit:</u>

The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The allegations of denial of medical care amount to "intentionally interfering with the treatment once prescribed," [3] which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to a prisoners' medical needs. <u>Estelle vs. Gamble,</u> 429 U.S. 97, 105 (1976). In <u>Youngberg vs. Romeo,</u> 457 U.S. 307, 322 (1982), the Supreme Court has declared that, persons like the plaintiff, who are civilly-committed, are constitutionally entitled "to more considerate treatment and conditions of confinement than prisoners, whose conditions of confinement are designed to punish." Id. Here, the Complaint alleges that, prisoners are currently being provided with the very same treatment prescribed to this plaintiff. These allegations, if proved, clearly would establish a violation of the <u>Youngberg</u> standard. Moreover, the Complaint further alleges that, plaintiff's original civil commitment proceedings were premised in part around her "gender issues," as well as being

---

[3] Department of Correction defendant's own pleadings concede to this fact. See <u>Affidavit of Lawrence M. Weiner, LICSW,</u> ¶5("On April 12, 2005, Battista was evaluated by an endocrinologist at the Shattuck Hospital who prescribed female hormones for Battista. On April 14, 2005, a Treatment Center physician approved the prescription for female hormones"), attached to the <u>Memorandum of Law in Support of the Opposition of Defendants Kathleen M. Dennehy, Robert Murphy, Susan J. Martin, Steven Fairly and Gregory Hughes to Plaintiff's Request for a Preliminary Injunction.</u> (Paper No.7)(on file).

deemed by her treating therapist's "to be a necessary component of her sex offender treatment plan." These allegations, if proved, clearly would establish a statutory violation of plaintiff's rights to "treatment and rehabilitation" under M.G.L. c.123A. See also, e.g., <u>Leamer vs. Fauver,</u> 288 F.3d 532, 546-47 (3d Cir. 2002). Cf. <u>Commonwealth vs. Brboza,</u> 387 Mass. 104, 438 N.E.2d 1064, 1069 (1982)(holding that ..."the Statute was enacted with the dual aims of protecting the public against future antisocial behavior by the offender, and of doing all that can be done to rehabilitate him") (citing <u>Commonwealth vs. Rodriguez,</u> 376 Mass. 632, 646 (1982)(same as <u>Barboza</u>). $\underline{4/}$ See <u>Javeri,</u> 660 F.Supp. at 326(counsel appointed where constitutional "issue of substance" was presented).

2. <u>The Plaintiff's Ability to Investigate the Facts:</u>

The plaintiff is civilly-committed at the Massachusetts Treatment Center, in the care and custody of the Massachusetts Department of Correction, and has no ability to investigate the facts. For example, she is unable to identify, locate and interview all of the prisoner's who are currently being provided with the very same prescribed treatment which the plaintiff is being denied. A factor that several courts have cited in appointing counsel. See, e.g., <u>Tucker vs. Randall,</u> 948 F.2d 388, 391-92 (7th Cir. 1991);

---

[4] If the present operation of the Treatment Center is unable to meet the plaintiff's medical or mental health needs, as Commissioner, defendant Dennehy has a statutory obligation under M.G.L. c.124, §1(c), to formulate and implement a policy which will. See <u>Commonwealth vs. Major,</u> 354 Mass. 666, 668 (1968)(..."Indeed, implicit in the Statute and its purpose is the obligation to provide an environment conductive to a cure or an alleviation of the dangerous trait").

Gatson vs. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); Armstrong vs. Snyder, 103 F.R.D. 96, 105 (E.D.Wis. 1984). In Addition, this case will require considerable discovery concerning the identity of several of the Department of Corrections treatment providers, as well as all of the officials and officers involved, and the plaintiff's medical and psychiatric history. See Tucker vs. Dickey, 613 F.Supp. 1124, 1133-34 (W.D.N.Y. 1985) (need for discovery supported appointment of counsel); Tabron vs. Grace, 6 F.3d 147, 156 (3d Cir. 1993)(same); Abdullah vs. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991)(noting need for discovery to investigate the application of and alternatives to a challenged prison regulation), cert. denied, 112 S.Ct. 1995 (1992).

   3. Whether Conflicting Evidence Implicating the Need for Cross-Examination Will be Important to the Case:

   The plaintiff's account is squarely in conflict with the defendants. This aspect of the case turns on a "credibility contest" between the defendants' and the plaintiff(and such prisoner witnesses as can be located). The existence of these credibility isues supports the appointment of counsel. Gatson, supra(credibility issues supported appointment of counsel); see, e.g., Tabron, supra; Rayes vs. Johnson, 969 F.2d 700, 704 (8th Cir.), cert. denied, 113 S.Ct. 658 (1992); Whisenant vs. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

   4. The Indigent's Ability to Present the Case:

   The plaintiff is an indigent patient in the care and custody of the defendants'. Civilly-committed for treatment and rehabilitation. Despite plaintiff's experience with court form and pro-

cedure, she has had no formal legal training or any experience with conducting depositions and trial. Factors that all support the appointment of counsel. See, e.g., Whisenant, supra.

5. The Complexity and Difficulty of the Case:

The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional and statutory violations to be held liable.

Complex factual isssues include those requiring the use of expert witnesses, Tabron, supra; Jackson vs. County of McLean, 953 F.2d 1070,1073 (7th Cir. 1992), such as medical issues, Moore vs. Mabus, 976 F.2d 268, 272 (5th Cir. 1992)(directing appointment of counsel in a case involving the treatment of HIV positive inmates); Tucker, 948 F.2d at 392(citing conflicting medical evidence as a reason to appoint counsel), or involving conflictng testimony of a large number of witnesses, or requiring the court to sort out the personal involvement of multiple defendants in an alleged civil rights violation.

Legal issues that courts have considered complex enought to support the appointment of counsel include the application of the Eighth Amendment "totality of the conditions" standard, Abdullah, supra, "state of mind" issues like deliberate indifference, Swofford vs. Mandrell, 969 F.2d 547, 552 (7th Cir. 1992), determining whether a prison regulation violates the Turner vs. Safley "reasonable relationship" standard, Abdullah, supra, evaluating the justification for prolonged strip-cell confinement, Johnson vs. Williams, 788 F.2d 1319, 1324-25 (8th Cir. 1986), and the

-7-

defense of qualified immunity. <u>Vines vs. Howard</u>, 676 F.Supp. 608, 616 (E.D.Pa. 1987).

## CONCLUSION

Based on the foregoing reasons, this Court should <u>GRANT</u> the plaintiff's Motion for the Appointment of Counsel.

Dated: 3/9/06 .          Respectfully submitted,

```
                         _____
                         Sandy J. Battista, #M-15930
                         Plaintiff/Pro-se
                         Mass. Treatment Center
                         30 Administration Rd.
                         Bridgewater, Mass. 02324-3230
```