UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY J. BATTISTA,<br>        Plaintiff,<br><br>VS.<br><br>KATHLEEN M. DENNEHY,<br>Commissioner; ROBERT MURPHY,<br>Superintendent; STEVEN FAIRLY, Director<br>of Security; SUSAN J. MARTIN, Director of<br>Health Services, GREGORY J. HUGHES,<br>LICSW; and UMASS CORRECTIONAL<br>HEALTH PROGRAM, sued in the<br>individual and official capacities,<br>        Defendants. | CIVIL ACTION No. 05-11456-DPW |

## OPPOSITION OF DEFENDANT, UNIVERSITY OF MASSACHUSETTS CORRECTIONAL HEALTH PROGRAM, TO PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

The plaintiff, Sandy J. Battista[1], has requested that this Court appoint counsel, pursuant to 28 U.S.C. § 1915(d), to represent her in this 42 U.S.C. § 1983 action seeking injunctive relief and monetary damages against all of the above-captioned defendants, including defendant University of Massachusetts Correctional Health Program. The plaintiff filed her Complaint on July 8, 2005, claiming that she has been denied treatment for gender identity disorder and that said denial violates her rights under the United States Constitution.

On August 10, 2005, UMCHP filed a motion to dismiss the plaintiff's Complaint against it because the plaintiff's Complaint names UMCHP as a defendant, but does not name an official against whom injunctive relief may enter. Therefore, the Complaint against UMCHP is barred

---

[1] The plaintiff is anatomically a male. However, the plaintiff prefers to be referred to as a female and that preference is acknowledged in this memorandum.

by sovereign immunity, because the Eleventh Amendment bars all actions, whether legal or equitable, against States and State agencies.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101, 104 S.Ct. 900 (1984) (although plaintiff may seek injunctive relief against state official in official capacity, Eleventh Amendment bars suits against State or one of its agencies "regardless of the nature of the relief sought.").  The plaintiff filed an opposition to the motion on August 18, 2005, and the motion to dismiss remains pending.

The plaintiff submitted an affidavit in support of her motion to appoint counsel, in which she stated that her case is complex and will require extensive fact-finding, discovery, and investigation that she will be unable to perform adequately because she is currently housed in the Massachusetts Treatment Center in Bridgewater, Massachusetts, pursuant to adjudication as a Sexually Dangerous Person under Mass. G.L. c. 123A.  However, the plaintiff's affidavit does not indicate that she has made any effort to retain counsel in this matter.

**II.    ARGUMENT**

    A.  THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL SHOULD BE DENIED BECAUSE SHE HAS NOT DEMONSTRATED THAT SHE HAS MADE EFFORTS TO RETAIN COUNSEL AND HER REQUEST IS UNTIMELY.

This Court has broad discretion when deciding whether to grant a motion for the request of counsel under 28 U.S.C. § 1915(d).  DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991).  The factors to be considered in making the determination include "the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  Id.  The United States Court of Appeals for the First Circuit applies an "exceptional circumstances" test, under which the plaintiff requesting representation must show that the denial of such a request would be fundamentally unfair.  Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986), citing Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983).  The plaintiff has no constitutional right to

representation, and the Court cannot mandate representation under § 1915(d), but can only request that counsel represent indigent litigants in appropriate circumstances. DesRosiers, 949 F.2d at 23; Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992).

### **The Plaintiff's Failure to Seek Counsel**

Courts have recognized that a request for the appointment of counsel should not be used as a device for plaintiffs to have the court locate counsel on their behalf. The statute requires that the plaintiff be "unable to employ counsel," 28 U.S.C. § 1915(d), and this requires some showing by the plaintiff that she has attempted and failed to locate and contact an attorney to represent her. Jackson, 953 F.2d at 1072. The plaintiff's efforts in this regard must be the threshold inquiry, and failure to take steps to locate and employ counsel without the court's assistance bars the consideration of any other factors. Id. at 1072-1073; see, also, Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986) ("In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered."). "If the petitioner has made no efforts to secure counsel, the motion must ordinarily be denied outright." Godwin v. Wisconsin Gas Co., 788 F.Supp. 1019, 1020 (E.D.Wis. 1992), citing Jackson, 953 F.2d at 1073.

This is especially true in a case such as this, because the plaintiff is seeking monetary damages, which could provide incentive for an attorney to accept the case on a contingency basis. See DesRosiers, 949 F.2d at 23 (noting that request for counsel is ordinarily inappropriate where case could be pursued on a contingent fee basis); Ulmer v. Chancellor, 691 F.2d 209, 212-213 (5th Cir. 1982) (upholding denial of request for counsel in potential fee-producing case where plaintiff had not shown efforts to retain counsel on his own). In addition, even though the possibility of attorneys' fees under 42 U.S.C. § 1988 ordinarily is not considered adequate to

create a "market" of available counsel,[2] the issues in this case are different. A complaint has already been filed in this case, and many of the facts and legal issues in dispute are available for counsel to analyze before deciding whether to take the case. Therefore, once the complaint has been prepared and the issues have been identified, an attorney can evaluate the likelihood of prevailing and obtaining attorneys' fees under 42 U.S.C. § 1988 in much the same manner as a normal fee-generating case would be evaluated. Craigo v. Hey, 176 W.Va. 514, 520-521, 345 S.E.2d 814 (1986).

The plaintiff has filed her complaint and the primary issues in this case are readily discernible. In these circumstances, the plaintiff should not be allowed to seek the court's help in obtaining counsel under § 1915(d) until she has demonstrated her efforts and inability to employ counsel on her own.

### Timeliness and Plaintiff's Ability to Represent Herself

The plaintiff's motion for appointment of counsel also should be rejected because it is untimely. The plaintiff filed her Complaint on July 8, 2005, and has prosecuted the action pro se until this time. UMCHP has filed a motion to dismiss the complaint, which the plaintiff opposed, pro se, and which remains pending before the Court. Where a request to appoint counsel is made after substantial proceedings have taken place, the motion should be denied as untimely. See U.S. v. Decker, 344 F.Supp. 519 (W.D.Ky. 1972) (defendant in tax collection action did not seek appointment of counsel until almost six months after the complaint had been filed and after summary judgment had entered in plaintiff's favor). This is especially true when the defendant has filed a dispositive motion. Id. The issues of sovereign immunity raised in UMCHP's motion to dismiss are relatively straightforward, and the plaintiff's opposition to the

---

[2] See Merritt v. Faulkner, 697 F.2d 761 (7th Cir. 1983) (separate opinions debating, among other things, whether 42 U.S.C. § 1988 provides an adequate incentive for counsel to investigate and prosecute prisoner civil rights cases).

motion shows her ability to represent herself. See, e.g., DesRosiers, 949 F.2d at 24 (plaintiff showed familiarity with legal process and ability to draft intelligible pleadings); Cookish, 787 F.2d at 4 (plaintiff submitted well drafted pleadings accompanied by carefully researched briefs). The appearance of counsel to represent the plaintiff at this stage would be unnecessary and would further delay the disposition of UMCHP's motion to dismiss. UMCHP's Motion to Dismiss has been pending since August 10, 2005, and there is no reason to further delay a ruling on that motion.

### III.     CONCLUSION

For the foregoing reasons, Defendant University of Massachusetts Correctional Health Program respectfully requests that the plaintiff's Motion for the Appointment of Counsel be denied.

/s/ Anthony R. Brighton
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
   Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

## CERTIFICATE OF SERVICE

I, Anthony R. Brighton, attorney for defendant, University of Massachusetts Correctional Health Program, hereby certify that on this 22nd day of March 2006, a copy of the foregoing was sent by **first class mail, postage prepaid to**: Sandy J. Battista M 15930, Pro Se Massachusetts Treatment Center, 30 Administration Road, Bridgewater, MA 02324-3230 **and a copy electronically forwarded** to Richard C. McFarland, Esq., Department of Corrections Legal Division, 70 Franklin Street, Suite 600, Boston, Massachusetts 02110.

/s/ Anthony R. Brighton
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
  Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240