UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY J. BATTISTA,<br>    Plaintiff,<br><br>VS.<br><br>KATHLEEN M. DENNEHY,<br>Commissioner; ROBERT MURPHY,<br>Superintendent; STEVEN FAIRLY, Director<br>of Security; SUSAN J. MARTIN, Director of<br>Health Services, GREGORY J. HUGHES,<br>LICSW; and UMASS CORRECTIONAL<br>HEALTH PROGRAM, sued in the<br>individual and official capacities,<br>    Defendants. | CIVIL ACTION No. 05-11456-DPW |

**MEMORANDUM IN SUPPORT OF MOTION OF THE DEFENDANT,
UNIVERSITY OF MASSACHUSETTS CORRECTIONAL HEALTH PROGRAM,
FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

### I.    INTRODUCTION AND FACTUAL BACKGROUND

The defendant, University of Massachusetts Correctional Health Program ("UMCHP"), moves for entry of separate and final judgment as to all counts of the complaint alleged by the plaintiff, Sandy J. Battista.[1] On March 23, 2006, this Honorable Court allowed UMCHP's motion to dismiss the plaintiff's complaint as to all counts against it. Therefore, although the plaintiff's action remains pending against other defendants, no claim for liability against UMCHP remains for determination. Proposed Findings and an Order for Judgment are attached hereto as Exhibits "A" and "B".

---

[1] The plaintiff is anatomically a male. However, the plaintiff prefers to be referred to as a female and that preference is acknowledged in this memorandum.

The plaintiff's claims involved allegations that the defendants denied medical treatment in violation of 42 U.S.C. § 1983. The other named defendants are all employees of the Massachusetts Department of Corrections ("DOC"). The Court allowed UMCHP's motion to dismiss, and found that the plaintiff failed to make sufficient allegations that UMCHP had any authority or responsibility for the alleged denial of medical treatment, and that the documents attached to the plaintiff's verified complaint showed that "the authority to provide the treatment Battista seeks resides with the Department of Corrections."  The Court's ruling disposes of all claims asserted by the plaintiff against UMCHP. Therefore, under Fed.R.Civ.P. 54(b), UMCHP is entitled to final judgment in its favor, and there is no just reason for delaying the entry of such judgment.

**II.    ARGUMENT**

A ruling granting a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is an adjudication on the merits, and is presumed to be with prejudice unless stated otherwise. See Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 388-389 (1st Cir. 1994) (without express grant of leave to amend, dismissal of complaint is final decision on merits); U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004) (dismissal under Rule 12(b)(6) is considered final and is presumed to be with prejudice unless expressly stated otherwise). Where the order of dismissal does not expressly grant leave to amend the complaint, and the plaintiff has not requested such relief, the order is considered to be final, and leave to amend cannot thereafter be sought. Acevedo-Villalobos, 22 F.3d at 388-389 (1st Cir. 1994); U.S. ex rel. Karvelas, 360 F.3d at 241-242 (1st Cir. 2004).

When a Court decides some but not all issues in a case involving multiple claims or parties, Fed.R.Civ.P. 54(b) allows the entry of separate and final judgment concerning the issues or parties disposed of, "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Although findings under Rule 54(b) are not to be made "routinely," the trial judge has broad discretion in determining whether separate and final judgment should enter. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980). Such judgments have been found particularly appropriate in cases such as this, where all claims against a single party have been disposed of, and that party then seeks final judgment in its favor. See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 39-40 (1st Cir. 1991) (ruling completely disposed of claims against six of eleven defendants); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct & Sewer Auth., 888 F.2d 180, 183-184 (1st Cir. 1989) (ruling terminated case against six of twenty-three defendants, distinguishing it from cases in which some claims remained against all defendants).

In fact, where all claims have been dismissed against a particular defendant or defendants, separate and final judgments have been upheld even when the Court fails to explicitly state the reasons for making the Rule 54(b) findings, because the dismissal of all claims against a particular defendant makes the justification for separate and final judgment sufficiently clear without further explanation. Feinstein, 942 F.2d at 39-40; see, also, Carter v. Philadelphia, 181 F.3d 339, 346-347 (3d Cir. 1999) (complete dismissal of single defendant justified separate and final judgment where issue was plainly separable and where denial of appeal would create risk of duplicative trials). Although often stated in the negative, several other Courts have recognized that entry of judgment for a single party is reasonable if no claim remains against that party. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 44 (1st Cir. 1988)

(noting that final judgment will rarely enter when the action remains pending as to all parties); Shrader v. Granninger, 870 F.2d 874, 878 (2d Cir. 1989) (same, citing Spiegel); Kersey v. Dennison Mfg. Co., 3 F.3d 482, 487 (1st Cir. 1993) (same, citing both Spiegel and Shrader).

Where the order completely dismisses a party from the suit, Rule 54(b) "permits a winning party to force a losing party to appeal quickly in respect to certain claims or litigants, thereby disentangling the winning party from lengthy, time consuming litigation." Comite Pro Rescate De La Salud, 888 F.2d at 183.  As long as the issues concerning the dismissed party are separable from those that remain for trial, separate and final judgment is appropriate.  Carter, 181 F.3d at 346.  Moreover, the issues need not be completely separate in order for separate and final judgment to enter.  The issues need only be sufficiently distinguishable that duplicative appeals will be avoided.  See Id. at 346 n.20 (noting that complete legal or factual distinction is unnecessary).

The issues concerning UMCHP and the remaining defendants are separable, because all the remaining defendants are employees of the Department of Corrections ("DOC"), which has ultimate responsibility for allowing or withholding recommended medical treatment.  The issues with regard to the DOC defendants are whether they wrongfully delayed or withheld medical treatment in violation of the plaintiff's constitutional rights.   The issue concerning UMCHP, however, is only whether the Complaint states sufficient facts that would warrant a finding against it.

In addition to cases such as Feinstein, which indicate that separate and final judgment in favor of fully dismissed parties is appropriate, other factors support the Fed.R.Civ.P. 54(b) certification here.  The most significant factors affecting the determination of whether to enter separate and final judgment are those affecting judicial economy, specifically whether the entry

of judgment would create the risk of multiple appeals raising the same issue, and whether an immediate appeal concerning the dismissed party might prevent the need for a retrial if the party is later found to have been wrongfully dismissed.  <u>Carter</u>, 181 F.3d at 346-347.  If the plaintiff chooses to take an appeal of the dismissal, an immediate resolution could prevent the need for retrial if UMCHP is somehow found to have been wrongfully dismissed.  Consequently, separate and final judgment should be granted to UMCHP.

### III.    **CONCLUSION**

WHEREFORE, the defendant, University of Massachusetts Correctional Health Program, respectfully requests that this Honorable Court grant this motion and enter separate and final judgment in its favor.

Respectfully submitted,

/s/ Anthony R. Brighton
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
  Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

## CERTIFICATE OF SERVICE

I, Anthony R. Brighton, attorney for defendant, University of Massachusetts Correctional Health Program, hereby certify that on this 19th day of April 2006, a copy of the foregoing was sent by **first class mail, postage prepaid to**:  Sandy J. Battista M 15930, Pro Se Massachusetts Treatment Center, 30 Administration Road, Bridgewater, MA 02324-3230 and Julie A. Baker, Esq., 120 Tremont Street, Suite 370J, Boston, MA 02108 **and a copy electronically forwarded** to Richard C. McFarland, Esq., Department of Corrections Legal Division, 70 Franklin Street, Suite 600, Boston, Massachusetts 02110.

/s/ Anthony R. Brighton
Stephen M. O'Shea, BBO No. 559236
Anthony R. Brighton, BBO No. 660193
Attorney for Defendant, University of
   Massachusetts Correctional Health Program
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, Massachusetts 02114
(617) 227-3240

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY J. BATTISTA,<br>    Plaintiff,<br><br>VS.<br><br>KATHLEEN M. DENNEHY,<br>Commissioner; ROBERT MURPHY,<br>Superintendent; STEVEN FAIRLY, Director<br>of Security; SUSAN J. MARTIN, Director of<br>Health Services, GREGORY J. HUGHES,<br>LICSW; and UMASS CORRECTIONAL<br>HEALTH PROGRAM, sued in the<br>individual and official capacities,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION No. 05-11456-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FINDING UNDER FED.R.CIV.P. 54(b) AS TO DEFENDANT UNIVERSITY OF MASSACHUSETTS CORRECTIONAL HEALTH PROGRAM

1. This action came before the Court on the Motion of the Defendant, University of Massachusetts Correctional Health Program ("UMCHP"), for Entry of Separate and Final Judgment.

2. This Court has allowed Defendant's Motion to Dismiss on the grounds that the plaintiff's Complaint fails to allege sufficient facts upon which relief may be granted.

3. As to Defendant's Motion for Entry of Separate and Final Judgment, this Court finds:

    a. On March 23, 2006, this Court granted UMCHP's motion to dismiss the plaintiff's Complaint on all counts, and no claim for liability remains against UMCHP;

    b. Given the nature and expense of discovery and motion practice in litigation, it is in the interest of UMCHP, all other parties to this litigation, and in the interest of sound judicial administration to have the matter conclusively determined at this point; and

    c. Review of issues that might arise on appeal of the judgment against UMCHP, regardless of their outcome, will either improve the efficiency of remaining trial proceedings or will have no effect upon those proceedings.

4. This Court, therefore, finds that there is no just reason for delay of entry of separate and final judgment in favor of the Defendant, UMCHP.

5. Direct entry of judgment in favor of Defendant, UMCHP, is ordered.

                By the Court:

                _____, J.

DATED: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY J. BATTISTA,<br>    Plaintiff,<br><br>VS.<br><br>KATHLEEN M. DENNEHY,<br>Commissioner; ROBERT MURPHY,<br>Superintendent; STEVEN FAIRLY, Director<br>of Security; SUSAN J. MARTIN, Director of<br>Health Services, GREGORY J. HUGHES,<br>LICSW; and UMASS CORRECTIONAL<br>HEALTH PROGRAM, sued in the<br>individual and official capacities,<br>    Defendants. | CIVIL ACTION No. 05-11456-DPW |

## **JUDGMENT**

This action came before the Court on the Motion of Defendant, University of Massachusetts Correctional Health Program, for a separate and final judgment pursuant to Fed.R.Civ.P. 54(b). The Court, having considered the matter, determined that there was no just reason for delay and ordered a separate and final judgment to enter as to University of Massachusetts Correctional Health Program.

Accordingly, it is ORDERED AND ADJUDGED:

Judgment in favor of Defendant, University of Massachusetts Correctional Health Program, on all counts of the Complaint.

By the Court:

_____, J.

DATED: _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SANDY J. BATTISTA,<br>    Plaintiff,<br><br>VS.<br><br>KATHLEEN M. DENNEHY,<br>Commissioner; ROBERT MURPHY,<br>Superintendent; STEVEN FAIRLY, Director<br>of Security; SUSAN J. MARTIN, Director of<br>Health Services, GREGORY J. HUGHES,<br>LICSW; and UMASS CORRECTIONAL<br>HEALTH PROGRAM, sued in the<br>individual and official capacities,<br>    Defendants. | CIVIL ACTION No. 05-11456-DPW |

## **JUDGMENT**

This action came before the Court on the Motion of Defendant, University of Massachusetts Correctional Health Program, for a separate and final judgment pursuant to Fed.R.Civ.P. 54(b). The Court, having considered the matter, determined that there was no just reason for delay and ordered a separate and final judgment to enter as to University of Massachusetts Correctional Health Program.

Accordingly, it is ORDERED AND ADJUDGED:

Judgment in favor of Defendant, University of Massachusetts Correctional Health Program, on all counts of the Complaint.

                                      By the Court:

                                      _____, J.

DATED: _____