UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY J. BATTISTA,
    Plaintiff,

vs.                                              C.A. No. 05-11456-DPW

KATHLEEN M. DENNEHY, Commissioner, et al.,
    Defendant's.

## MOTION FOR RECONSIDERATION OF PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER OR, IN THE ALTERNATIVE, FOR A PRELIMINARY INJUNCTION

Plaintiff, Sandy J. Battista, acting pro-se [1] in the above referenced matter, hereby motions the court for reconsideration of her Application for a Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction. As grounds, plaintiff states as follows:

1) On 7/6/05, acting pro-se, plaintiff filed her Application for a Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction("Application for Preliminary Relief"), along with the filing of her Complaint. (Paper No.7).

2) The "core" of plaintiff's Application for Preliminary Relief alleged that: (a) she was previously diagnosed with Gender Identity Disorder(NOS), and recommended by the Fenway Community Health Clinic("Fenway Clinic"), in part, for female hormone therapy (Complaint, ¶¶34-35); and (b) was prescribed medication by the

---

[1] On 10/12/06, counsel for the plaintiff filed her Notice of Withdrawal as Counsel for the Plaintiff. (On file). As such, plaintiff will be acting pro-se until the court has appointed new counsel to represent her in the above-referenced matter.

Treatment Center's in-house physician to address hormone therapy. (Complaint, ¶¶37-38).

3) In response to plaintiff's Application for Preliminary Relief, defendant's for the Department of Correction("DOC defendants"), alleged that, plaintiff's prescribed treatment at issue was being withheld "because the Department of Corrections Health Services Division raised concerns regarding the Fenway Clinic's clinical evaluations and treatment recommendations" and was retaining a nationally recognized expert in gender disorders "to conduct a peer review of the Fenway Clinic's clinical evaluations and treatment recommendations" concerning plaintiff's November 2004 gender evaluation. See <u>Opposition of Defendants Kathleen M. Denney, Robert Murphy, Susan J. Martin, Steven Fairly, and Gregory Hughes to Plaintiff's Request for a Preliminary Injunction.</u> (Paper Nos. 10-11).

4) On 3/22/06, this Court (Woodlock, J.), issued a <u>Memorandum and Order</u> (Paper No.42), denying plaintiff's Application for Preliminary Relief. In so doing, the Court found, in part that: ..."It is not unreasonable on its face for Defendants to take time reviewing this issue before providing Plaintiff with hormone therapy." Id. at page-29.

5) On 11/13/06, plaintiff had a meeting with the Treatment Center's Health Services Administrator, Maryanne Percuoco and Director of Mental Health, Diane McLaughlin, who orally informed plaintiff that the Medical Director, Dr. Arthur Brewer and Mental Health Director, Dr. Kenneth Appelbaum, for UMass Correctional Health program("UMCHP"), confirmed that the above mentioned review process was completed and that all medical professionals in con-

cern determined plaintiff "to be a good candidate for hormonal therapy and were of the same opinion and recommendations as the Fenway Clinic." However, the DOC administration was still refusing to allow Treatment Center medical personnel to treat plaintiff, as previously prescribed. See <u>Affidavit of the Plaintiff, Sandy J. Battista,</u> filed herewith.

6) The United States Supreme Court has recognized that involuntary committed patients have a constitutional right to minimally adequate treatment based upon the exercise of prefessional medical judgment. <u>Youngberg vs. Romeo,</u> 457 U.S. 307, 322 (1982). Thus, although the plaintiff may not have a right to nay particular treatment—including hormone therapy—she does have a right to treatment that is based, at a minimum, on the exercise of professional medical judgment. Id.

7) In this case, newly developed evidence clearly shows that, all medical professionals have recently determined plaintiff "to be a good candidate for hormone therapy and of the same opinion and recommendations as the Fenway Clinic." See <u>Affidavit of the Plaintiff, Sandy J. Battista,</u> supra.

8) The DOC defendants continued refusal to provide plaintiff with the prescribed treatment at issue, is an arbitrary direct interference with the recent exercise of professional medical judgment.

9) Additionally, the court in plaintiff's pending review of her current sexual dangerousness has set a tentaive trial date for January 9, 2007. See <u>Sandy J. Battista, petitioner vs. Commonwealth,</u> C.A.No.03-10744(Suffolk Superior Court)(Unified Session). Here, without access to the prescribed treatment at

-4-

issue, plaintiff's continued liberty may be impacted, as she will left with no other alternative but to attempt to explain to the court, as well as state examiners, why she hasn't began treatment to address a mental deficit of her underlined commitment.

WHEREFORE, plaintiff requests that her Motion for Reconsideration be ALLOWED, and the court's order issue directing the DOC defendants to immediately: (a) provide plaintiff with the prescribed treatment at issue; and (b) sanction the DOC defendants $100.00 a day, each day, said prescribed treatment has/is withheld, from date of final review process. [2]

Dated: November 14, 2006.          Respectfully submitted,

                                   /s/ Sandy J. Battista
                                   Sandy J. Battista, #M-15930
                                   Plaintiff/Pro-se
                                   Mass. Treatment Center
                                   30 Administration Rd.
                                   Bridgewater, Mass. 02324

---

[2] In contemplation that the Superintendent, defendant Robert Murphy may now attempt to override the exercise of medical professional judgment based on alleged "security concerns." Due to the nature of this disorder, the profound effects emotionally on the plaintiff, the recent change in professional medical judgment in plaintiff's favor, and the impact on plaintiff's continued liberty (at ¶9, above), plaintiff requests the court stay it's decision on the enclosed motion, and issue an order to hold an evidentiary hearing, and consolidate said hearing with the trial on the merits. However, due to plaintiff's counsel's recent notice of withdrawal, plaintiff requests that any hearing be kept "opened" until successor counsel has been appointed and had time to familiarize him/herself with the record and consult with plaintiff.

**CERTIFICATE OF SERVICE**

I, Sandy J. Battista, hereby certify's that I have today served a true and accurate copy of the within filing on counsel for the defendants, by mail.

Dated: November 14, 2006.          /s/ Sandy J. Battista
                                   Sandy J. Battista, #M-15930
                                   Plaintiff/Pro-se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: SANDY J. BATTISTA, Plaintiff

C.A. No. 05-11456-DPW.

## AFFIDAVIT OF THE PLAINTIFF, SANDY J. BATTISTA

I, Sandy J. Battista, on oath deposes and states as follows:

1) I am the plaintiff in the above-referenced matter. Having personal knowledge of all facts and circumstances in this matter makes this affidavit in support of my Motion for Reconsideration of my Application for a Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction.

2) On 11/13/06, I had a meeting with the Treatment Center's in-house Health Services Administrator, Maryanne Percuoco and Director of Mental Health, Diane McLaughlin.

3) At the above meeting, I was informed that the Department of Correction's "review process" which was the subject of why my prescribed treatment at issue was being withheld, was completed. And that, the Medical Director, Dr. Arthur Brewer and Mental Health Director, Dr. Kenneth Appelbaum, of the UMass Correctional Health Program, determined that "I was a good candidate for hormone therapy," and were "of the same opinion and recommendations as the Fenway Clinic."

4) I was further informed that the Department of Correction administration, despite the above recent development, was still withholding my prescribed treatment.

Signed under the pains and penalties of perjury this 14th day of November, 2006.

-2-

_____
Sandy J. Battista, #M-15930
Plaintiff/Pro-se
Mass. Treatment Center
30 Administration Rd.
Bridgewater, Mass. 02324