UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SANDY J. BATTISTA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN DENNEHY, ET AL.,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-11456-DPW |
| SANDY J. BATTISTA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT MURPHY,<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-12383-DPW |

## ORDER

WOODLOCK, D.J.

On January 9, 2007, Plaintiff sent a letter to the *Pro Se* Staff Attorneys Office requesting a list of ten (10) of the major law firms and their addresses, so that she may write to them personally with a procedural outline of her claims, and forward to them documentary evidence for their consideration.[1]  The basis for this request is that she was informed that obtaining *pro bono* counsel takes time, and that in her view, counsel would be more inclined to accept an appointment knowing the facts and evidence of her cases.

Plaintiff's request is DENIED.  I will not approve of the dissemination of this Court's confidential list of its *pro bono* contacts or sources, nor do I deem it appropriate for the Pro Bono Coordinators to cull out such information on the Plaintiff's behalf.  Moreover, I find that the *Pro*

---

[1] Plaintiff states she can only afford postage to contact ten firms.

*Bono* Coordinators of this Court are capable of providing the relevant case information necessary for any prospective *pro bono* attorney to evaluate whether to accept a *pro bono* appointment for Plaintiff. If counsel requires further information, or if a telephonic or in-person discussion with the Plaintiff is requested by the attorney as part of the evaluation process, the Court will consider such requests at the appropriate time.

It is understandable that Plaintiff is frustrated with the time delay in securing successor *pro bono* counsel, however, given the complex nature of the claims, Plaintiff must let the *Pro Bono* Coordinators go through the normal channels in attempting to obtain *pro bono* counsel, notwithstanding that this process may take additional time. Further, while Plaintiff may, of course, make her own efforts to secure counsel to represent her, Plaintiff may not represent to any law firms or attorneys that this Court endorsed the direct solicitation. Alternatively, if Plaintiff does not wish the Pro Bono Coordinators to continue their efforts because of the time delay, she may elect to withdraw her request for a successor appointment of *pro bono* counsel, and proceed *pro se,* by filing a Notice with the Court.

SO ORDERED.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

DATED: February 12, 2007