UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY JO BATTISTA,

    **Plaintiff,**

v.                                                                                                                                                       C. A. No.  05-11456-DPW

MASSACHUSETTS DEPARTMENT OF CORRECTION, et al.,

    **Defendants.**

### MOTION OF DEFENDANTS KATHLEEN DENNEHY, ROBERT MURPHY, SUSAN MARTIN, STEVEN FAIRLY AND GREGORY HUGHES, PURSUANT TO FED. R. CIV. P. 56(f), FOR A CONTINUANCE IN ORDER TO CONDUCT DISCOVERY

    Defendants, Kathleen Dennehy, Robert Murphy, Susan Martin, Steven Fairly, and Gregory Hughes, through counsel, hereby move, pursuant to Fed. R. Civ. P. 56(f), that the Court continue the matter of Plaintiff's Motion for Partial Summary Judgment, or in the Alternative, Reconsideration for Preliminary Relief, in order that discovery may be had, where defendants are currently unable to present essential facts in support of their opposition. In order to present essential facts in support of their opposition to plaintiff's motion, defendants must be permitted to conduct necessary discovery, including interrogatories, production of documents, depositions, and mental examinations pursuant to Fed. R. Civ. P. 35(a). To date, no discovery of facts and opinions has taken place in this action.

    In support of their motion under Fed. R. Civ. P. 56(f), defendants submit the attached affidavit of counsel.

Dated: June 26, 2007                                                              Respectfully submitted,

                                                                                                   NANCY ANKERS WHITE
                                                                                                   Special Assistant Attorney General

2

/s/ Richard C. McFarland
Richard C. McFarland, BBO #542278
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA  02202
(617) 727-3300  ext. 132

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent to *pro se* plaintiff by first class mail, postage prepaid, to his address: Massachusetts Treatment Center, 30 Administration Rd., Bridgewater, MA 02324 on June 26, 2007.

/s/Richard C. McFarland
Richard C. McFarland

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY JO BATTISTA,

    Plaintiff,

v.

                              C. A. No. 05-11456-DPW

KATHLEEN DENNEHY, et al.,

    Defendants.

### AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANTS' MOTION UNDER FED. R. CIV. P. 56(f)

I, Richard C. McFarland, do depose and say:

1. I am employed as an attorney for the Massachusetts Department of Correction and I represent defendants, Kathleen Dennehy, Robert Murphy, Susan Martin, Steven Fairly and Gregory Hughes in the above-captioned matter.

2. I received a copy of Plaintiff's Motion for Partial Summary Judgment, or in the Alternative, Reconsideration for Preliminary Relief on June 20, 2007. I also received Plaintiff's Notice of Voluntary Withdrawal of Request for Successor Appointment of Pro Bono Counsel.

3. Presently, defendants lack essential facts necessary in support their opposition to plaintiff's Motion for Partial Summary Judgment, or in the Alternative, Reconsideration for Preliminary Relief. It is necessary that defendants have the opportunity to engage in discovery in order to present facts and opinions in opposition to plaintiff's motion for partial summary judgment. As shown below, defendants have not had the opportunity to conduct discovery in this action.

4. On July 8, 2005 plaintiff Sandy Jo Battista, an individual presently subject to a day to life civil commitment as a sexually dangerous person pursuant to M.G.L. c. 123A, has brought this action alleging a denial of treatment for his gender identity disorder ("GID"), in violation of the

Eighth Amendment. Plaintiff also moved for a preliminary injunction requiring the defendants to provide treatment for GID.

5. Pursuant to the Court's Short Order of Notice, defendants filed their Opposition to Plaintiff's Motion for a Preliminary Injunction on July 22, 2005.

6. On March 22, 2006 this Court denied plaintiff's motion for injunctive relief, determining that plaintiff had failed to show a likelihood of success on the merits and the balance of hardships and potential effect on the public interest militated against interlocutory injunctive relief. *See Battista v. Dennehy*, 2006 WL 1581528 (D. Mass. March 22, 2006) (Slip Opinion).

7. On March 22, 2006 the Court allowed plaintiff's Motion to Appoint Counsel.

8. On March 30, 2006 attorney Julie Baker was appointed *pro bono* counsel for plaintiff.

9. On October 12, 2006 attorney Baker withdrew as *pro bono* counsel.

10. As a result of attorney Baker's withdrawal as *pro bono* counsel, the Scheduling Conference set for October 12, 2006 was cancelled.

11. On December 4, 2006 defendants Kathleen Dennehy, Robert Murphy, Susan Martin, Steven Fairly and Gregory Hughes filed Defendants' Motion for an Order Compelling Plaintiff to Submit to a Mental Examination, pursuant to Fed. R. Civ. P. 35(a).

12. On March 22, 2007 attorney Erin Anderson was appointed *pro bono* counsel.

13. On March 22, 2007 the Court denied Defendants' Motion for an Order Compelling Plaintiff to Submit to a Mental Examination, without prejudice, and stated that the motion may be reasserted no earlier than forty-five (45) days from date of Order to permit newly appointed counsel an reasonable period to assess the issues in the case.

14. On June 21, 2007, the undersigned counsel for defendants received notice from plaintiff that attorney Anderson would be withdrawing as *pro bono* counsel.

15. As the above-stated facts demonstrate, defendants have not yet been provided with an opportunity to conduct discovery in this matter.

16. In order to develop the essential facts necessary to oppose Plaintiff's Motion for Partial Summary Judgment, defendants will need to propound interrogatories upon plaintiff, seek documents, and conduct a deposition of plaintiff. Further, defendants will need to develop essential facts and opinions by having plaintiff submit to mental examinations and testing by suitably licensed and certified examiners, pursuant to Fed. R. Civ. P. 35(a). Defendants will also seek to develop essential facts through depositions of mental health professionals who have conducted evaluations of plaintiff regarding the diagnosis and treatment of GID.

17. Without the opportunity to conduct necessary discovery, defendants will be unable to present the facts and opinions necessary to support their opposition to plaintiff's Motion for Partial Summary Judgment and will be severely prejudiced in their ability to defend against the claims raised in plaintiff's complaint. In particular, where defendants have questioned the appropriateness of the GID diagnosis given plaintiff based on numerous conflicting psychological evaluations of plaintiff, it is critical that defendants have the opportunity to pursue discovery, including conducting mental health evaluations and psychological testing of plaintiff and depositions of both plaintiff and the mental health professionals who have evaluated plaintiff regarding the diagnosis and treatment of GID.

Signed under the pains and penalties of perjury this 22nd day of June, 2007.

_Richard C. McFarland_
Richard C. McFarland