UNITED STATES DISTRICT COURT ~~FILED OFFICE~~
DISTRICT OF MASSACHUSETTS ~~ERKS OFFICE~~

2007 JUL 10 P 12: 17

SANDY J. BATTISTA,
    Plaintiff,

vs.

~~U.S. DISTRICT COURT~~
~~DISTRICT OF MASS~~ 5-11456-DPW

KATHLEEN M. DENNEHY, Commissioner, et al.,
    Defendant's.

## PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER IN OPPOSITION
## TO MOTION OF DEFENDANTS KATHLEEN M. DENNEHY,
## ROBERT MURPHY, SUSAN MARTIN, STEVEN FAIRLY
## AND GREGORY HUGHES, PURSUANT TO FED.R.CIV.P. 56(f),
## FOR A CONTINUANCE IN ORDER TO CONDUCT DISCOVERY

Plaintiff, Sandy J. Battista, acting pro-se in the
above-referenced matter, in opposition to Motion of
Defendants Kathleen M. Dennehy, Robert Murphy, Susan Martin,
Steven Fairly and Gregory Hughes, Pursuant to
Fed.R.Civ.P. 56(f), for a Continuance in Order to Conduct
Discovery, requests the court, pursuant to
Fed.R.Civ.P.26(c)(1), to enter an order protecting
plaintiff's privacy rights to be free from unwarranted
discovery and mental examinations. As grounds, plaintiff
states the following:

1) Summary Judgment is appropriate when "there is no
genuine issue to any material fact and ...the moving party
is entitled to a judgment as a matter of law." 56(c). Once
the movant avers "an absence of evidence to support the
nonmoving party's case," Celotex Corp. vs. Catrett, 477
U.S. 317, 325 (1986), the latter must adduce specific facts

establishing the existence of at least one issue that is both "genuine" and "material." Anderson vs.Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Local 48, United Brotherhood of Carpenters vs. United Brotherhood of Carpenters, 920 F.2d 1047, 1050 (1st Cir. 1990); Garside vs. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). The mere existence of a factual dispute, of course, is not enough to defeat summary judgment.The evidence relied upon must be "significantly probative" of specific facts, Anderson, 477 U.S. at 249-50, which are "material" in the sense that the dispute over them necessarily "affect[s] the outcome of the suit." Id. at 248. In other words, the party opposing summary judgment must demonstrate that there are bona fide factual issues which "need to be resolved before the related issues can be decided." Mack vs. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989); see also Local 48, 920 F.2d at 1050-51.

2) In the instant case, defendants have moved, pursuant to Fed.R.Civ.P. 56(f), for a continuance in order to conduct discovery. Rule 56(f) offers an "'escape hatch'" to a party opposing a summary judgment motion who "genuinely requires additional time to marshal 'facts essential to justify its opposition.'" Mattoon vs. City of Pittsfield, 980 F.2d 1, 7 (1st Cir. 1992). Under Rule 56(f), the movant is required (1) to articulate a plausible basis for its belief that the requested discovery would raise a trialworthy issue, and (2) demonstrate good cause for failing to have conducted the discovery earlier. Mattoon, 980 F.2d at 7.

$-3-$

3) Plaintiff takes no position with the defendants
demonstration of good cause for failing to have conducted
the discovery earlier. However, defendants Rule 56(f) motion
need not occupy this court for long; it suffers from a
procedural virus which leaves it too fragile to carry any
weight in this court. For example, in their Rule 56(f)
motion, defendants simply put forth the need to conduct
discovery "in order to develop the essential facts necessary
to oppose Plaintiff's Motion for Partial Summary Judgment."
Case law in this area makes quite clear that in requesting a
continuance, a Rule 56(f) motion must allege specific facts
that could be developed through discovery, which would raise
a trialworthy issue. Mattoon, 980 F.2d at 7; Calvary
Holdings, Inc. vs. Chandler, 948 F.2d 59, 65 (1st Cir. 1991)
and cases cited. See Taylor vs. Gallagher, 737 F.2d 134, 137
(1st Cir. 1984)("A court may grant summary judgment despite
an opposing party's claim that discovery would yield
additional facts where the opposing party has not alleged
specific facts that could be developed through discovery");
Bank One Texas, N.A. vs. A.J. Warehouse, Inc., 968 F.2d 94,
100 (1st Cir. 1992)(same as Taylor); Price vs. General
Motors Corp., 931 F.2d 162, 164 n.3 (1st Cir. 1991)(same as
Taylor); Oliver vs. Digital Equipment Corp., 846 F.2d 103,
105 (1st Cir.1988)(same as Taylor). See Terrell vs. Brewer,
935 F.2d 1015, 1018 (9th Cir.1991)(upholding the refusal to
adjourn a summary judgment motion pending further discovery
because the plaintiff "failed to show the existence of

−4−

additional essential and discoverable evidence"). At any
rate, the grant or denial of a Rule 56(f) continuance always
rests in the trial court's sound discretion.<u>Herbert</u>
<u>vs. Wicklund,</u> 744 F.2d 218, 222 (1st Cir.1984); <u>Sheinkopf</u>
<u>vs. Stone,</u> 927 F.2d 1259, 1263 (1st Cir. 1991)(citation
omitted).

4) Rule 26(c) of the Federal Rules of Civil Procedure
provides the court discretion to issue Protective Orders
from discovery to a party who, as a matter of law, is
entitled to summary judgment. Id. See <u>MacKnight vs. Leonard</u>
<u>Nurse Hosp.,</u> 828 F.2d 48, 51-51 (1st Cir. 1987)(citing to
Taylor).Parties may not "fish" for evidence on which to base
their complaint "in hopes of somehow finding something
helpful to [their] case in the course of the discovery
procedure." <u>Charbonnier vs. Amico,</u> 367 Mass. 146, 153
(1975). See 4 Moore's Federal Practice, ¶26.56[1] at 26-95
n.3("discovery cannot be used as a vehicle for discovering a
right of action"). See also
Fed.R.Civ.P. 26(g)(2)(prohibiting discovery or objections
made for improper purposes such as harassment or delay).

5) The facts sought, even if discoverable, are <u>not</u>
material to this case, as demonstrated in plaintiff's
pending <u>Motion for Partial Summary Judgment or, in the</u>
<u>Alternative, Request for Reconsideration for Preliminary</u>
<u>Relief.</u>(On file). See also plaintiff's accompanying
<u>Opposition to Renewed Motion of Defendants Kathleen</u>
<u>M. Dennehy, Robert Murphy, Susan Martin, Steven Fairly and</u>

-5-

Gregory Hughes For An Order Compelling Plaintiff To Submit

To Mental Examinations.


Dated: 2/4/07 .          Respectfully submitted,

                         Sandy J. Battista, #M-15930
                         Plaintiff/Pro-se
                         Mass. Treatment Center
                         30 Administration Rd.
                         Bridgewater, Mass.02324

**CERTIFICATE OF SERVICE**
     I, Sandy J. Battista, hereby certify's that I
have today served a true and accurate copy of the
within document on counsel of record for the defendants,
by mail.

Dated: 2/4/07 .

                         Sandy J. Battista, #M-15930
                         Plaintiff/Pro-se