UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY JO BATTISTA,

              Plaintiff,

         v.                                         C. A. No. 05-11456-DPW

HAROLD W. CLARKE, et al.,

              Defendants.

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, through counsel, hereby answer the allegations in the First Amended Complaint as follows:

**INTRODUCTION**

1.      Defendants admit the allegations contained in the first sentence of this paragraph including that plaintiff is presently under civil commitment to the Massachusetts Treatment Center having been determined to be a sexually dangerous person pursuant to G.L. c. 123A. Defendants admit that consultants retained by the medical services provider under contract to the Massachusetts Department of Correction ("DOC"), the University of Massachusetts Correctional Health ("UMCHP"), diagnosed plaintiff with a gender identity disorder ("GID"). Defendants admit that UMCHP's consultants recommended GID treatment described in the third sentence of this paragraph. Defendants are without sufficient facts to form a belief as to the allegations contained in the fourth sentence of this paragraph and the allegations are denied. Defendants deny the remaining sentences of this paragraph.

**JURISDICTION AND VENUE**

2.      The allegations of this paragraph constitute conclusions of law that do not require a

response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

3.       This paragraph contains conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

## PARTIES

4.       Defendants admit that plaintiff is under civil commitment to the Massachusetts Treatment Center ("MTC"), having been determined to be a sexually dangerous person pursuant to G.L. c. 123A.

5.       Defendants admit that Harold W. Clarke is the Commissioner of the Massachusetts Department of Correction.  Defendants deny the conclusory allegations regarding Commissioner Clarke's official responsibilities.

6.       Defendants admit that Kathleen M. Dennehy is the former Commissioner of the Massachusetts Department of Correction.  Defendants deny the conclusory allegations regarding her official responsibilities.

7.       Defendants admit that Susan J. Martin was formerly the Director of the DOC's Health Services Division.  Defendants deny the conclusory allegations regarding her official responsibilities.

8.       Defendants admit that Terre K. Marshall is presently the Director of the DOC's Health Services Division.   Defendants deny the conclusory allegations regarding her official responsibilities.

9.       Defendants admit that Robert Murphy is the Superintendent of the MTC. Defendants deny the conclusory allegations regarding his official responsibilities.

10.    Admit.

## STATEMENT OF FACTS

11.    Defendants are not mental health professionals and lack the expertise necessary to form a belief as to the veracity of allegations contained in this paragraph or their applicability to plaintiff.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

12.    Defendants admit that GID is a mental disorder recognized in the American Psychiatric Association's Diagnostic and Statistical Manual, Fourth Edition ("DSM 4"), which sets out the diagnostic criteria for GID.   The DSM 4 speaks for itself and the allegations contained in this paragraph do not require a response.   To the extent this paragraph contains allegations that require a response, the allegations are denied.

13.    Defendants lack sufficient information and expertise necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

14.    Defendants lack sufficient information and expertise necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

15.    Defendants lack sufficient information and expertise necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

16.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

17.     Defendants deny that allegations contained in this paragraph except to admit that UMCHP's consultant, Fenway Clinc, and Diane Ellaborn, a consultant hired by plaintiff, each diagnosed plaintiff with GID and recommended treatment with psychotherapy and hormone therapy.   Defendants further state that evaluations conducted by several mental health professionals raised significant issues regarding plaintiff's GID diagnosis and treatment.

18.     Admit.

19.     This paragraph contains conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

20.     Admit the allegations contained in the first sentence of this paragraph except to state that, as of July 1, 2007, UMCHP is no longer under contract to provide mental health services to the DOC.  The second sentence of this paragraph contains conclusions of law that do not require a response.  To the extent this sentence contains allegations that require a response, the allegations are denied.

21.     Defendants deny the first sentence of this paragraph.  No response to the remaining sentences is required where the document, Exhibit A, speaks for itself.  To the extent the remaining sentences contain allegations that require a response, the allegations are denied.

22.     Defendants deny the allegations contained in this paragraph.

23.     Admit.

4

24.     Admit.

25.     Admit.

26.     Admit.

27.     No response is necessary since the Fenway Clinic report speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the report in any manner.

28.     No response is necessary since the Fenway Clinic report speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the report in any manner.

29.     Admit.

30.     Admit.

31.     Admit, except to state that Defendants are without sufficient information to determine the medical appropriateness of the prescription for hormones.

32.     Admit.

33.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

34.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in the first sentence of this paragraph.  To the extent this sentence contains allegations that require a response, the allegations are denied.  Defendants deny the allegations of the second sentence.

35.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

36.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

37.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

38.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

39.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

40.     No response is necessary since the April 26, 2005 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

41.     No response is necessary since the April 27, 2005 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

42.     No response is necessary since the May 5, 2005 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

43.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

44.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

45.     No response is necessary to the first sentence since the May 9, 2005 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.  No response is necessary to the remaining sentences where Exhibit A to the First Amended Complaint speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize Exhibit A in any manner.

46.     Admit that plaintiff's grievance was denied.  No response is necessary to the second sentence where the denial speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the denial in any manner.

47.     Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

48.    No response is necessary since the May 27, 2005 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

49.    Defendants deny the allegations of this paragraph.

50.    Admit that plaintiff engaged in an act of self-injury in October, 2005.  Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in the remaining sentences.  To the extent the sentences contain allegations that require a response, the allegations are denied.

51.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph, except to admit that plaintiff attempted to sew up the injury.

52.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

53.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

54.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

55.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

56.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

57.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

58.    Admit that a security review of treatment with female hormones had not commenced as of date of First Amended Complaint.

59.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

60.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in this paragraph.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

61.    Defendants lack sufficient information necessary to form a belief as to the veracity of the allegations contained in the first sentence and to the extent the first sentence contains allegations that require a response, the allegations are denied.    No response is necessary to the allegations of

the second sentence since the July 6, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

62.    Defendants deny the allegations contained in this paragraph.

63.    No response is necessary to the allegations since the April 19, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

64.    No response is necessary to the allegations since the July 6, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

65.    No response is necessary to the allegations since the July 6, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

66.    No response is necessary to the allegations since the July 6, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

67.    No response is necessary to the allegations since the October 17, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

68.    No response is necessary to the allegations since the October 17, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

69.    No response is necessary to the allegations since the October 17, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

70.    No response is necessary to the allegations since the October 17, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

71.    No response is necessary to the allegations since the October 17, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

72.    No response is necessary to the allegations since the October 17, 2006 letter speaks for itself, however, Defendants deny the allegations of this paragraph to the extent they seek to characterize the letter in any manner.

73.    Defendants admit that plaintiff meets regularly with Diane McLaughlin, a licensed social worker, but deny the allegations that the individual sessions are not psychotherapy and are brief.

74.    Defendants deny the allegations contained in this paragraph.

75.    Defendants admit the first sentence of the paragraph.  Defendants deny the second sentence of the paragraph.

76.    Defendants admit that females committed to DOC facilities have access to a number of canteen items that are not available to males committed to DOC facilities.

11

77.     Defendants deny that the DOC unduly delays or otherwise withholds medical treatment for any individual committed to its custody, including plaintiff.

78.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

79.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

## COUNT I

80.     Defendants restate their responses to paragraphs 1 through 79 and incorporates those responses herein.

81.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

82.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

83.     Defendants deny the allegations contained in this paragraph.

## COUNT II

84.     Defendants restate their responses to paragraphs 1 through 83 and incorporates those responses herein.

85.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

86.     Defendants deny the allegations contained in this paragraph.

87.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

88.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

89.     Defendants deny the allegations contained in this paragraph.

## COUNT III

90.     Defendants restate their responses to paragraphs 1 through 89 and incorporates those responses herein.

91.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

92.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

93.     Defendants deny the allegations contained in this paragraph.

94.     Defendants deny the allegations contained in this paragraph.

**COUNT IV**

95.     Defendants restate their responses to paragraphs 1 through 94 and incorporates those responses herein.

96.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

97.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

98.     Defendants deny the allegations contained in this paragraph.

99.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

**COUNT V**

100.     Defendants restate their responses to paragraphs 1 through 99 and incorporates those responses herein.

101.     The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

102.     Defendants deny the allegations contained in this paragraph.

14

103.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

104.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

105.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

**COUNT VI**

106.    Defendants restate their responses to paragraphs 1 through 105 and incorporates those responses herein.

107.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

108.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

109.    Defendants deny the allegations contained in this paragraph.

110.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations

are denied.

111.    Defendants deny the allegations contained in this paragraph.

## COUNT VII

112.    No response is necessary to paragraphs 112-115 where Count VII has been dismissed by the Court.

## COUNT VIII

116.    Defendants restate their responses to paragraphs 1 through 115 and incorporates those responses herein.

117.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

118.    Defendants deny the allegations contained in this paragraph.

119.    The allegations of this paragraph constitute conclusions of law that do not require a response.  To the extent this paragraph contains allegations that require a response, the allegations are denied.

## COUNT IX

120.    No response is necessary to paragraphs 120-123 where Count IX has been dismissed by the Court.

## RELIEF REQUESTED

Defendants oppose the relief requested by plaintiff.

## AFFIRMATIVE DEFENSES

16

Pursuant to Fed. R. Civ. P. 8, defendants assert the following affirmative defenses:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

If plaintiff suffered any injury or other damage, these were caused by plaintiff's conduct and acts or the conduct or acts of third parties for which the defendants are not legally responsible.

## THIRD DEFENSE

Defendants deny that plaintiff is entitled to judgment or relief requested in the First Amended Complaint.

## FOURTH DEFENSE

Plaintiff's allegations fail to rise to the level of constitutional violations.

## FIFTH DEFENSE

Defendants acted at all times relevant to the allegations contained in the Complaint within the scope of their employment and in their official capacities and performed in good faith. Defendants at all times acted reasonably, in good faith, within their official discretion and not in disregard of settled principles of constitutional law with respect to all matters alleged in the First Amended Complaint.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), amending 42 U.S.C. § 1997e.

## SEVENTH DEFENSE

Plaintiff is estopped to recover any judgment against the defendants based on plaintiff's

- 18 -

conduct and actions and/or the conduct and actions of servants and agents.

## EIGHTH DEFENSE

Through plaintiff's conduct and actions and/or the conduct and actions of any servants and agents, has waived any and all rights that may be had against the defendants, and therefore, is barred from recovery against the defendants.

## NINTH DEFENSE

Defendants are absolutely and qualifiedly immune from liability for any and all matters raised in the First Amended Complaint under State and Federal law.

## TENTH DEFENSE

Defendants hereby assert all other affirmative defenses as may become available to them during the course of this litigation and reserves the right to further amend this Answer to assert any affirmative defenses that may become known to them.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

Dated: August 14, 2008          Respectfully Submitted,

DEFENDANTS, HAROLD W. CLARKE,
KATHLEEN M. DENNEHY, ROBERT MURPHY,
TERRE K. MARSHALL, and SUSAN J. MARTIN,

By Their Attorneys,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ *Richard C. McFarland*
Richard C. McFarland, BBO# 542278

18

- 19 -

Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, Massachusetts 02110-1300
(617) 727-3300


**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August, 14, 2008.

/s/ *Richard C. McFarland*
Richard C. McFarland