UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY JO BATTISTA,

    Plaintiff,

v.

                              C. A. No.  05-11456-DPW

HAROLD W. CLARKE, et al.,

    Defendants.

### MOTION OF DEFENDANTS HAROLD W. CLARKE, KATHLEEN M. DENNEHY, ROBERT MURPHY, TERRE K. MARSHALL, AND SUSAN J. MARTIN FOR LEAVE TO LATE FILE AN ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Harold W. Clarke, Kathleen M. Dennehy, Robert Murphy, Terre K. Marshall, and Susan J. Martin (collectively, the "DOC Defendants"), request that the Court grant them leave to late file their accompanying Answer to the First Amended Complaint. As grounds for this motion, the DOC Defendants state as follows:

1.    Plaintiff filed First Amended Complaint on January 10, 2008. The DOC Defendants filed a motion to dismiss the First Amended Complaint on January 28, 2008. On May 15, 2008, the Court, (Woodlock, .J), issued its decision on Defendants' Motion to Dismiss, allowing the motion in part and denying the motion in part.

2.    Pursuant to Fed. R. Civ. P. 12(4)(A), a responsive pleading must be filed within 10 days of the Court's ruling on a motion to dismiss. In this case, the responsive pleading was then due on May 29, 2008. *See* Fed. R. Civ. P. 6(a)(2) (in computing time, Saturdays, Sundays and legal holidays are excluded "when the period is less than 11 days.").

3.    "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to

act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The district court is afforded great leeway in granting or refusing enlargements . . . and its decisions are reviewable only for abuse of that discretion." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 583-584 (1st Cir. 1994). "The Supreme Court has held that the term 'excusable neglect' should be interpreted flexibly. . . ." *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 6 n. 8 (1st Cir. 2006), *citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). The Supreme Court "instructed the lower courts to engage in an equitable balancing test, looking to all relevant circumstances, including the degree of prejudice to the adverse party, the potential impact on judicial proceedings and the reasons for the delay." *Benitez-Garcia*, 468 F.3d at 6 n. 8, *citing Pioneer Inv. Servs.*, 507 U.S. at 395.

4.  The undersigned counsel's failure to file an Answer or a motion to extend time to do so was as the result of excusable neglect of the undersigned counsel as explained in the affidavit filed herewith. Despite the oversight involved in filing the Answer or securing an extension to do so, the DOC Defendants have continued to defend this action vigorously since issuance of the May 15, 2008 Order.

5.  The delay in filing the Answer will not prejudice any party as the present case is in the middle of discovery. The delay in filing the Answer should not, therefore, delay the completion of discovery in this matter or otherwise adversely impact the Court's calendar.

6.  Attorney Neil Minahan, Plaintiff's counsel, has indicated that plaintiff does not oppose this motion.

WHEREFORE, the DOC Defendants respectfully request that the Court grant them leave to file the attached Answer late.

          DEFENDANTS, HAROLD W. CLARKE,
          KATHLEEN DENNEHY, ROBERT MURPHY,
          TERRE K. MARSHALL AND SUSAN J.
          MARTIN,

          Respectfully Submitted,
          By Their Attorneys,

          NANCY ANKERS WHITE
          Special Assistant Attorney General

by:    /s/ *Richard C. McFarland*_____
       Richard C. McFarland, BBO# 542278
       Legal Division
       Department of Correction
       70 Franklin St., Suite 600
       Boston, MA  02110-1300
       (617) 727-3300, Ext. 132

Dated: August 14, 2008

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

On August 14, 2008, I spoke with Attorney Neil Minahan regarding the motion and Mr. Minahan indicated that plaintiff was not opposed to Defendants' Motion for Leave to Late File Answer.

          /s/ *Richard C. McFarland*_____
          Richard C. McFarland

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants as of this date.

          /s/ *Richard C. McFarland*_____
          Richard C. McFarland

Dated:  August 14, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SANDY JO BATTISTA,

    Plaintiff,

    v.                                                                                    C. A. No. 05-11456-DPW

HAROLD W. CLARKE, et al.,

    Defendants.

## AFFIDAVIT OF RICHARD C. MCFARLAND

I, Richard C. McFarland, do depose and say:

1.     I am employed as an attorney for the Massachusetts Department of Correction ("DOC") and I represent defendants, Harold W. Clarke, Kathleen M. Dennehy, Robert Murphy, Terre K. Marshall, and Susan J. Martin in the above-captioned matter.

2.     On May 15, 2008, the Court, (Woodlock, .J), I received electronic notice of this Court's decision on Defendants' Motion to Dismiss, allowing the motion in part and denying the motion in part.

3.     My duties as a DOC attorney include the representation of the Department and its employees in numerous civil rights cases pending in both State and Federal Courts. Generally, my representation of the DOC in civil rights cases is without the assistance of other DOC attorneys or paralegals, a reflection of the significant work load shouldered by the DOC legal staff. During the months of May, June and July, 2008 I was involved in the following litigation matters:

    a)     Preparation of Appellants' Brief and three (3) volume record appendix in the case of *Jackson v. Verdini*, Mass. Appeals Court No. 08-P-0615, filed on May 23, 2008;

    b) Preparation of Defendants' Findings of Fact and Rulings of Law in the case of *Kosilek v. Dennehy,* U.S.D.C. No. 00-12455-MLW, filed on June 13, 2008;

    c) Preparation of witnesses for deposition and defense of depositions in *Battista v. Clarke* in June and July, 2008;

    d) Defense of defendants in *Hudson v. Clarke,* U.S.D.C. 01-12145-RGS, including June 19, 2008 hearing, opposition to attorneys fees, review of case for appeal, assisting DOC staff in complying with court orders;

    e) Attending hearings, preparation of discovery responses, and drafting pleadings in numerous civil rights actions brought in State courts.

4. In addition to my responsibilities to a large civil litigation caseload, some of which have been outlined above, I have supervisory and administrative duties relative to the DOC and the Legal Division.

5. As a result of the duties and responsibilities outlined above, I neglected to review and calendar the due date for an answer to the surviving claims in the First Amended Complaint upon receiving notice of the Court's decision.

6. I have spoken with counsel for plaintiff, Neil Minahan who has indicated that Plaintiff has no opposition to Defendants' Motion for Leave to Late File Answer.

Signed under the pains and penalties of perjury this 14th day of August, 2008.

                                                        /s/ *Richard C. McFarland*
                                                        Richard C. McFarland